UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| GRAYSON-BEY, | Case No. 19-cv-13588-NGE-DRG |
| | Hon. Nancy G. Edmunds |
| Plaintiff, | Mag. Judge David R. Grand |
| v. | |
| | |
| SOUTHFIELD POLICE DEPARTMENT, | |
| OFFICER MICHAEL WOJCIECHOWSKI, | |
| OFFICER DAVID MOORE, and OFFICER | |
| SWADE FOX, | |
| | |
| Defendants. | |

| | |
|---|---|
| GRAYSON-BEY | SEWARD HENDERSON PLLC |
| *Plaintiff, Pro Se* | By:  T. Joseph Seward (P35095) |
| 18992 Westbrook |      David D. Burress (P77525) |
| Detroit, MI 48219 | *Attorneys for Defendants* |
| P: (313) 404-6873 | 210 E. 3rd Street, Suite 212 |
| E: ameergrayson2@gmail.com | Royal Oak, MI 48067 |
| | P: (248) 733-3580 |
| | F: (248) 733-3633 |
| | E: jseward@sewardhenderson.com |
| |    dburress@sewardhenderson.com |

## DEFENDANTS, SOUTHFIELD POLICE DEPARTMENT, OFFICER MICHAEL WOJCIECHOWSKI, OFFICER DAVID MOORE, AND OFFICER SWADE FOX'S MOTION FOR JUDGMENT ON THE PLEADINGS

Defendants, SOUTHFIELD POLICE DEPARTMENT, OFFICER MICHAEL WOJCIECHOWSKI, OFFICER DAVID MOORE, and OFFICER SWADE FOX, by and through the undersigned counsel, submit the following as their Motion for

Judgment on the Pleadings pursuant to Fed. R. Civ. P. 12(c). In support of their Motion, Defendants rely on the attached Brief.

LOCAL RULE CERTIFICATION: I, David D. Burress, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

The undersigned certifies that pursuant to E.D. Mich. LR 7.1(a) counsel mailed a letter to Plaintiff on June 10, 2020, by email and U.S. Mail at the address listed on his pleadings, explaining the nature of the relief to be sought by way of this motion and seeking concurrence in the relief. As of the time of this filing, Plaintiff has not responded to the request for concurrence.

Respectfully submitted,

**SEWARD HENDERSON PLLC**

 /s/ David D. Burress (P77525)
*Attorneys for Defendants*
210 East 3rd Street, Suite 212
Royal Oak, Michigan 48067
P: (248) 733-3580
F: (248) 733-3633
Dated:   June 12, 2020          E: dburress@sewardhenderson.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **GRAYSON-BEY,** | Case No. 19-cv-13588-NGE-DRG |
| | Hon. Nancy G. Edmunds |
| Plaintiff, | Mag. Judge David R. Grand |
| v. | |
| **SOUTHFIELD POLICE DEPARTMENT, OFFICER MICHAEL WOJCIECHOWSKI, OFFICER DAVID MOORE,** and **OFFICER SWADE FOX,** | |
| Defendants. | |

| | |
|---|---|
| **GRAYSON-BEY** | **SEWARD HENDERSON PLLC** |
| *Plaintiff, Pro Se* | By:   T. Joseph Seward (P35095) |
| 18992 Westbrook | David D. Burress (P77525) |
| Detroit, MI 48219 | *Attorneys for Defendants* |
| P: (313) 404-6873 | 210 E. 3rd Street, Suite 212 |
| E: ameergrayson2@gmail.com | Royal Oak, MI 48067 |
| | P: (248) 733-3580 |
| | F: (248) 733-3633 |
| | E: jseward@sewardhenderson.com |
| | dburress@sewardhenderson.com |

**BRIEF IN SUPPORT OF DEFENDANTS, SOUTHFIELD POLICE DEPARTMENT, OFFICER MICHAEL WOJCIECHOWSKI, OFFICER DAVID MOORE, AND OFFICER SWADE FOX'S MOTION FOR JUDGMENT ON THE PLEADINGS**

4

## STATEMENT OF ISSUES PRESENTED

1. Should Plaintiff's claims alleging violation of the Treaty of Peace and Friendship of 1787 be dismissed where the Court has found such claims to be facially frivolous?

Defendants answer, "*Yes.*"

Plaintiff, Grayson-Bey, presumably answers, "*No.*"


2. Should Plaintiff's claims against Officers Moore, Fox, and Wojciechowski be dismissed where Plaintiff has merely included the officers name in the Complaint without any direct allegation of wrongdoing, and a fair reading of the Complaint indicates that the claim is based upon Plaintiff's claimed status as a Moorish national?

Defendants answer, "*Yes.*"

Plaintiff, Grayson-Bey, presumably answers, "*No.*"


3. Should Plaintiff's claims against the Southfield Police Department be dismissed where the Southfield Police Department is not an entity capable of being sued?

Defendants answer, "*Yes.*"

Plaintiff, Grayson-Bey, presumably answers, "*No.*"


4. Should Plaintiff's claims against the City of Southfield be dismissed where Plaintiff has failed to allege the existence of any official policy of practice that was the moving force behind her alleged injuries?

Defendants answer, "*Yes.*"

Plaintiff, Grayson-Bey, presumably answers, "*No.*"

i

# TABLE OF CONTENTS

Statement of Issues Presented ................................................................. i

Table of Contents ................................................................................. ii

Most Controlling Authority................................................................... iii

Index of Authorities ............................................................................. iv

Introduction .........................................................................................1

Statement of Allegations ......................................................................3

Standard of Review...............................................................................4

Law & Analysis ....................................................................................5

I.    Plaintiff's claims based upon the Treaty of Peace and
Friendship of 1787 are facially frivolous.........................................5

II.   Plaintiff has failed to state a plausible claim for relief arising
from a violation of Constitutional rights ........................................5

      A.    Law ...........................................................................................5

      B.    Application................................................................................8

III.  The Southfield Police Department is not an entity capable of
being sued..........................................................................................10

      A.    Law .........................................................................................10

      B.    Application..............................................................................10

IV.   Plaintiff has failed to state a claim against the City of
Southfield..........................................................................................11

      A.    Law .........................................................................................11

      B.    Application..............................................................................12

RELIEF REQUESTED ...........................................................................12

## Most Controlling Authority

- *Bell Atl. Corp v. Twombly*, 550 U.S. 544 (2007)

- *Pearson v. Callahan*, 555 U.S. 223 (2009)

- *Untalan v. City of Lorain*, 430 F.3d 312 (6th Cir. 2005)

- *Grayson-Bey v. Hutchinson*, No. 2:20-CV-10487 (E.D. Mich. Mar. 4, 2020)

## INDEX OF AUTHORITIES

## Cases

*Alkire v. Irving,*
    330 F.3d 802 (6th Cir. 2003)...............................................................11

*Bell Atlantic Corp. v. Twombly,*
    550 U.S. 544 (2007) .........................................................................4

*Boykin v. Van Buren Twp.,*
    479 F.3d 444 (6th Cir. 2007)...............................................................10

*Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.,*
    508 F.3d 327 (6th Cir. 2007)...............................................................4

*Doe v. Claiborne Cnty.,*
    103 F.3d 495 (6th Cir. 1996)...............................................................11

*Grayson-Bey v. Hutchinson,*
    No. 2:20-CV-10487, 2020 WL 1047730 (E.D. Mich. Mar. 4, 2020)......... 1, 2, 5

*I Win. You Win. Irwin LLC v. Casey's Pub, Inc.,*
    No. 18-11151 (E.D. Mich. Oct. 26, 2018).........................................10

*Jenkins v. Livonia Police Dep't,*
    No. 13-14489 (E.D. Mich. Feb. 26, 2016)...........................................4

*Monell v. Dep't of Soc. Servs.,*
    436 U.S. 658 (1974). ........................................................................11

*Moorish Nat. Republic: Federal Gov't Moorish Divine & Nat. Movement of
    the World v. City of Chicago,*
    No. 10-CV-1047 (N.D. Ill. July 19, 2011) .......................................7, 8

*Salaam El v. City of Dearborn,*
    No. 09-12136 (E.D. Mich. Feb. 18, 2010).......................................5, 6

*Turner v. City of Taylor*,
   412 F.3d 629 (6th Cir. 2005)................................................................11

**Statutes**

28 U.S.C. § 1915(e) ................................................................................1

42 U.S.C. § 1983................................................................................10

**Rules**

Fed. R. Civ. P. 12(b)(6) ......................................................................4

Fed. R. Civ. P. 12(c) ......................................................................4, 5

## INTRODUCTION

This is the second lawsuit filed by Plaintiff under the name "Grayson-Bey" against police officers, arising from traffic stops and alleged violations of Barbary Treaties and civil rights. On February 26, 2020, Plaintiff filed a nearly identical lawsuit. *Grayson-Bey v. Hutchinson*, No. 2:20-CV-10487, 2020 WL 1047730, at *1 (E.D. Mich. Mar. 4, 2020)[attached as Exhibit 1]. That case arose from a traffic stop on January 5, 2020, where Plaintiff provided a City of Dearborn Heights officer a Moorish identification card when asked for identification. *Id*. After he was arrested, prosecuted, and pleaded guilty, Plaintiff sued the police department, arresting officers, the judge assigned to the case, and the prosecuting attorney, seeking $5 Million in damages. *Id*.

U.S. District Court Judge Stephen J. Murphy reviewed the Plaintiff's complaint and application to proceed in forma pauperis. Pursuant to 28 U.S.C. § 1915(e) , the Court dismissed the complaint *sua sponte*, finding that the claims which invoke "Moorish heritage and various Barbary Treaties, such as the Treaty of Peace and Friendship," to be facially frivolous. *Id*. at 2. As to Plaintiff's Fourth Amendment claim, Judge Murphy found that Plaintiff failed to state a plausible claim because he provided "little to no explanation of the traffic stop and subsequent arrest and prosecution" and

did not clearly allege "why the events occurred did not provide probable cause to arrest and prosecute him." *Id*. at 3. And, Plaintiff merely included the officer's name in statement of facts with "no direct allegation of wrongdoing." *Id*. Like Plaintiff's prior lawsuit, this lawsuit lacks merit and should be dismissed.

### STATEMENT OF ALLEGATIONS

Plaintiff Grayson-Bey alleges that on October 10, 2019, he was "travelling" down Hessel Street in Detroit when he saw emergency lights in his rearview mirror. [ECF No. 1 PageID.5]. Plaintiff alleges that he stopped his vehicle, that Officer Fox ordered him out of the vehicle, that Officer Fox requested "an ID or driver's license," and that Plaintiff instead provided a "Moors travelers card." [ECF No. 1, PageID.5]. Plaintiff also alleges that Officer Moore "states that he didn't know my national flag was on the back of my car." [ECF Bo. 1 PageID.5, 8]. Plaintiff alleges that he was then handcuffed by Officers Fox and Moore, taken to the jail, and later released on bond. [ECF No. 1, PageID.5, 8]. Plaintiff also alleges that he was ordered to call his son's mother to retrieve him. [ECF No. 8, Page ID.8]. While at the jail, Plaintiff alleges that officer "Michael" told him that he was accused of fleeing and eluding and that "my name wasn't real (Grayson-Bey)" and that he was being charged with misrepresentation. [ECF No. 1, PageID.8]. Plaintiff alleges that he appeared in Court the next day. [ECF No. 1, PageID.8]. Plaintiff now brings this action, seeking $1.2 Million in punitive damages and "financial hardship to this day." [ECF No. 1, PageID.7].

## STANDARD OF REVIEW

Pursuant to Fed. R. Civ. P. 12(c), "a party may move for judgment on the pleadings." On a motion brought pursuant to Rule 12(c), judgment may be issued for a party's failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

A complaint must allege all material elements of a "viable legal theory" to be sufficient. *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007). A court must accept all well-pled factual allegations as true, but "need not accept the plaintiff's legal conclusions or unwarranted factual inferences as true." *Id.* If, after construing the complaint in a light most favorable to the non-moving party, the court determines that plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face," the court must grant the moving party judgement as a matter of law. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Although the Court applies a less stringent standard when reviewing the complaint of litigants appearing in *pro se*, courts are not required to conjure unstated allegations or guess the plaintiff's claims. *Jenkins v. Livonia Police Dep't*, No. 13-14489, 2016 WL 759338, at *1 (E.D. Mich. Feb. 26, 2016)[attached as Exhibit 2].

4

## LAW & ANALYSIS

### I.   Plaintiff's claims based upon the Treaty of Peace and Friendship of 1787 are facially frivolous

Plaintiff's claims based upon alleged violations of the Treaty of Peace and Friendship fail to state a plausible claim for relief.  As explained in *Grayson-Bey v. Hutchinson*, claims invoking such treaties that relate to events occurring within the United States are "facially frivolous." *Id*. at 2. Here, Plaintiff has alleged that the "Treaty of Peace and Friendship 1787" is at issue in this case. [ECF No. 1, Page ID.4]. The claim is frivolous and should be dismissed.

### II.   Plaintiff has failed to state a plausible claim for relief arising from a violation of Constitutional rights

#### A. Law

Complaints based upon a plaintiff's Moorish nationality or identity cannot withstand a motion under Fed. R. Civ. P. 12(c), even when the Complaint cites to a constitutional amendment. For example, in *Salaam El v. City of Dearborn*, No. 09-12136, 2010 WL 582773 (E.D. Mich. Feb. 18, 2010)[attached as Exhibit 3], the plaintiff claimed that a City of Dearborn police officer violated his constitutional rights. The plaintiff alleged that he was stopped for speeding, that he presented his "nationality card" and

"international road travel card" to the officer, and that every act afterwards was a violation of his rights. *Id*. Plaintiff also alleged that all the defendants should have been aware of his Moorish nationality because it is registered with Library of Congress and recognized by the United States Department of Justice. *Id*. at 2. With respect to the individual defendant officer, plaintiff alleged that the officer kidnapped him under threat of injury and conspired to violate the plaintiff's constitutional rights by assaulting him with intent to do great bodily harm. *Id*.

On a motion under Fed. R. Civ. P. 12(b)(6), this Court determined that liberally construed, the plaintiff's claim was brought pursuant to 28 USC § 1983. However, this Court determined that the Complaint was defective because it "merely allege[d] violations of constitutional rights, without any facts to specifically identify what rights were violated or how they were allegedly violated." *Id*. at 7. The Court also determined that the plaintiff's claims should be dismissed because they appeared to be based upon the plaintiff's assertion that he is beyond the reach of the state courts because of his Moorish status. *Id*. at 9.

Other courts have concluded that a complaint fails to state a plausible claim for relief under the Fourth Amendment, when a fair reading reveals that the claims are based upon the plaintiff's Moorish identity. In *Moorish Nat. Republic: Federal Gov't Moorish Divine & Nat. Movement of the World v. City of Chicago*, No. 10-CV-1047, 2011 WL 2893024, (N.D. Ill. July 19, 2011)[attached as Exhibit 4], the plaintiff made allegations about multiple occasions when he and others were stopped, arrested, and prosecuted. *Id*. at 1-3. Although no individual officers were served, the complaint made allegations against specific officers, and the Court considered the claims because they were relevant to the plaintiff's *Monell* claims. *Id*. at 6 n.8. On a motion under Rule 12(b)(6), the Court dismissed the complaint.

The Court determined that by a fair reading, the complaint stated a cause of action for false arrest, among others. *Id*. at 1. The Court determined that based upon the complaint and motion papers that were filed, the plaintiff "is claiming that there was no probable cause for his arrest because he is a Moorish National and not subject to the same requirements as United States citizens." *Id*. at 8. The Court noted that it is well-established that the plaintiff's status as a Moorish National did not excuse him from complying

7

with the Illinois traffic laws. *Id*. Accordingly, the Court concluded that the plaintiff had failed to state a claim for false arrest. *Id*.

## B. Application

Like Plaintiff's complaint against the City of Dearborn Heights officers, Plaintiff has merely included Officers Fox, Moore, and Wojciechowski's names in the Complaint, without any direct allegation of wrongdoing by them. The Complaint appears based upon Plaintiff's claims that he is a Moorish national and not subject to arrest. Plaintiff's Complaint fails to state a plausible claim for relief and should be dismissed.

### 1. *Plaintiff has failed to state a plausible claim against officer Wojciechowski*

Plaintiff has failed to allege a plausible claim against Officer Wojciechowski. Plaintiff lists him as a defendant. [ECF No. 1, PageID.3]. However, the only apparent allegation against Officer Wojciechowski is the allegation that "[w]hile I was in jail, officer Michael said to me that I was accused of Flee[sic] and Eluding [and] said my name wasn't real and that I was being charge[sic] for misrepresentation." [ECF No. 1, PageID.8]. Accordingly, Plaintiff has failed to allege a plausible claim for relief, and the claim against Officer Wojciechowski should be dismissed.

### 2. *Plaintiff has also failed to state a plausible claim against officers Fox and Moore*

By a fair reading of Plaintiff's Complaint, he is simply alleging that the officers Fox and Moore were not allowed to arrest him because of his status as a Moorish national.  Plaintiff alleges that he was "travelling" down Hessel Street when he saw emergency lights in his rearview mirror. [ECF No. 1 PageID.5]. Plaintiff alleges that he provided Officer Fox with his "Moors travelers card," and that Officer Moore "states he didn't know my national flag was on the back of my vehicle." [ECF No. 1 PageID.5].

Just as in *Grayson-Bey v Hutchinson*, Plaintiff has named officers in his Complaint but has failed to make a direct allegation of wrongdoing. Rather, a fair reading of Plaintiff's Complaint is that, as in *Moorish Nat. Republic*, the claims are based upon Plaintiff's Moorish status, and an assertion that the officers had no authority to arrest him because he showed them his "Moors travelers card." And, just as in *Salaam El v. City of Dearborn*, a fair reading of Plaintiff's Complaint is that the claims are based on an assertion that the officers should have been aware of his Moorish national status and that Plaintiff was not subject to arrest, because his "national flag" was displayed

on his vehicle. Plaintiff has failed to state a plausible claim for relief, and his claims against officers Fox and Moore should be dismissed.

### III. The Southfield Police Department is not an entity capable of being sued

#### A. Law

A police department is not a separate entity that is capable of being sued under 42 U.S.C. § 1983. *Boykin v. Van Buren Twp.*, 479 F.3d 444, 450 (6th Cir. 2007); see also *I Win. You Win. Irwin LLC v. Casey's Pub, Inc.,* No. 18-11151, 2018 WL 5307621, at *4 (E.D. Mich. Oct. 26, 2018) [attached as Exhibit 5] (Detroit police department not an entity capable of being sued because it is a department of the City).

#### B. Application

Here, Plaintiff has improperly named the Southfield Police Department as a defendant. [ECF No. 1 PageID.2]. The police department is not a separate entity that is capable of being sued. *Boykin,* 479 F.3d at 450. Accordingly, Plaintiff's clams against the Southfield Police Department must be dismissed pursuant to Fed. R. Civ. P. 12(c).

## IV.  Plaintiff has failed to state a claim against the City of Southfield

### A. Law

To the extent that Plaintiff's Complaint could be construed to allege a claim against the City of Southfield, Plaintiff has also failed to state a valid claim upon which relief can be granted. A municipality may only be liable under 42 U.S.C. § 1983 when its policy or custom causes the injury, regardless of the form of relief sought by the plaintiff. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L.Ed.2d 611 (1974). A municipality may not be sued in an action under § 1983 for an injury inflicted solely by its employees or agents under a theory of *respondeat superior*. *Monell*, 436 U.S. at 691. In a municipal-liability claim, the finding of a policy or custom is the initial determination to be made. *Doe v. Claiborne Cnty.*, 103 F.3d 495, 509 (6th Cir. 1996). The policy or custom must be the moving force behind the constitutional injury, and a plaintiff must identify the policy, connect the policy to the governmental entity and show that the particular injury was incurred because of the execution of that policy. *Turner v. City of Taylor*, 412 F.3d 629, 639 (6th Cir. 2005); *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003); *Doe*, 103 F.3d at 508–09.

## B. Application

Here, Plaintiff's complaint is devoid of any allegation that a policy or custom caused an injury. Accordingly, Plaintiff's Complaint, to the extent it makes an allegation against the City of Southfield, should also be dismissed.

### RELIEF REQUESTED

WHERFORE, Defendants ask this Court to grant Defendants' Motion for Judgment on the Pleadings and dismiss the Plaintiff's Complaint against them in its entirety.

Respectfully submitted,

**SEWARD HENDERSON PLLC**

/s/ David D. Burress (P77525)
*Attorneys for Defendants*
210 East 3rd Street, Suite 212
Royal Oak, Michigan 48067
P: (248) 733-3580
F: (248) 733-3633
Dated:  June 12, 2020                 E: dburress@sewardhenderson.com

## PROOF OF SERVICE

I hereby certify that on **Friday, June 12, 2020**, I electronically filed the foregoing document and this Proof of Service with the Clerk of the court using the ECF system, and served a copy on Plaintiff via First Class Mail and email at the addresses listed in the caption.

<div style="margin-left:40%">

/s/ Alyssa Schwarcz
**SEWARD HENDERSON PLLC**
210 East 3rd Street, Suite 212
Royal Oak, MI 48067
P: (248) 733-3580
F: (248) 733-3633
E: aschwarcz@sewardhenderson.com

</div>

Dated: June 12, 2020

13