UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **GRAYSON-BEY,** | Case No. 19-cv-13588-NGE-DRG |
| | Hon. Nancy G. Edmunds |
| Plaintiff, | Mag. Judge David R. Grand |
| v. | |
| **SOUTHFIELD POLICE DEPARTMENT, OFFICER MICHAEL WOJCIECHOWSKI, OFFICER DAVID MOORE,** and **OFFICER SWADE FOX,** | |
| Defendants. | |

| | |
|---|---|
| **GRAYSON-BEY** | **SEWARD HENDERSON PLLC** |
| *Plaintiff, Pro Se* | By: T. Joseph Seward (P35095) |
| 18992 Westbrook | David D. Burress (P77525) |
| Detroit, MI 48219 | *Attorneys for Defendants* |
| P: (313) 404-6873 | 210 E. 3rd Street, Suite 212 |
| E: ameergrayson2@gmail.com | Royal Oak, MI 48067 |
| | P: (248) 733-3580 |
| | F: (248) 733-3633 |
| | E: jseward@sewardhenderson.com |
| | dburress@sewardhenderson.com |

**REPLY IN SUPPORT OF
DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**

## A. Plaintiff cannot represent the interests of others.

The claims asserted by Plaintiff on behalf of others should be dismissed. Claims asserted in a § 1983 action are personal to the injured party. *Shepard v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2003). An individual proceeding pro se may not appear on behalf of another person, even their own minor children. *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998). Plaintiff states that he is seeking damages on behalf of himself, his son (Ameer Grayson), and his son's mother (Assiyah Fateen). [ECF No. 21, Page.ID 137-39]. However, Plaintiff is proceeding pro se, without an attorney. [ECF No. 1, Page.ID 6]. Accordingly, any claims made on behalf Ameer Grayson, Assiyah Fateen, or anyone else other than Plaintiff should be dismissed.

## B. Plaintiff has failed to demonstrate a plausible claim for relief

Plaintiff's response fails to show that he has alleged facts which if true, establish that the traffic stop, and his subsequent arrest were unlawful. The allegations of a complaint "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). Although pro se litigants are afforded some leniency, the Court is

1

not required to "create a claim which [a plaintiff] has not spelled out in his pleading." *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).

### 1. Plaintiff has failed to allege a lack of reasonable suspicion for the stop

The Fourth Amendment requires that a traffic stop "not be 'unreasonable' under the circumstances." *Whren* v. *U.S.*, 517 U.S. 806, 810 (1996). A police officer may stop a car when they have reasonable suspicion of an ongoing crime or a completed felony, or probable cause to believe that a civil traffic violation has been committed. *Hoover v. Walsh*, 682 F.3d 481, 493 (6th Cir. 2012). Fleeing and eluding is a crime. Mich. Comp. Laws Ann. § 257.602a.

In his response, Plaintiff argues that "the facts I stated in this case are there to see that for there to be probable cause a crime must be committed. . . ." [ECF No. 21, Page. ID 136]. And "I Grayson-Bey was taken against my will with no probable cause." [ECF No. 21, Page.ID 137]. However, nowhere in the Complaint nor Plaintiffs' response to the motion does he allege that there was a lack of reasonable suspicion for the traffic stop. Rather, his

2

Complaint is consistent with reasonable suspicion because Plaintiff admits he was "accused of flee [sic] and eluding." [ECF No. 1, Page.ID 8].

### 2. *Plaintiff has failed to allege a lack of probable cause for his arrest*

Under Michigan law, an officer may make a warrantless arrest of a person suspected of committing a misdemeanor or a felony offense. Mich. Comp. Laws § 764.15.  Operation of a motor vehicle without the required license is a misdemeanor. Mich. Comp. Laws § 257.904(1), (3). Furnishing false or fictious written information to an officer is a misdemeanor offense. MCL 257.324(1)(h). Failing to display a driver's license when requested by an officer is a misdemeanor offense. Mich. Comp. Laws § 257.311. And finally, a knowing failure to comply with an officer's lawful command is a felony. Mich. Comp. Laws § 750.81d, 750.479. Michigan Courts have concluded that an officer has probable cause to believe that a crime has been committed where a suspect obstructs a traffic stop by withholding their identification. See, e.g. *People v. Heldt*, No. 236842, 2003 WL 21464816, at *4 (Mich. Ct. App. June 24, 2003)[attached as Exhibit 6]; *People v. Kopp,* No. 232165, 2002 WL 31058350, at *2 (Mich. Ct. App. Sept. 13, 2002)[attached as Exhibit 7].

Here, Plaintiff acknowledges that he was the operator of a motor vehicle. [ECF No. 1 PageID.5]. Plaintiff also acknowledges that Officer Fox asked him to produce his identification or driver's license during the stop. [ECF No. 1 PageID.5]. Instead of providing his driver's license or a valid identification card, Plaintiff admits that he provided Officer Fox with a "Moors travelers' card." [ECF No. 1, Page ID.5].

Plaintiff's failure to produce his driver's license or identification constituted violations of Mich. Comp. Laws § 257.904(1)-(3), Mich. Comp. Laws § 257.311, and Mich. Comp. Laws § 257.324(1)(h), which are misdemeanor offenses. Plaintiff's failure to produce his driver's license or identification also constituted violations of Mich. Comp. Laws § 750.81d and Mich. Comp. Laws § 750.479, which are felony offenses. As in *Heldt* and *Kopp,* Plaintiff's allegations are consistent with probable cause. Accordingly, Plaintiff has failed to state a plausible claim for relief and his Complaint should be dismissed.

### C. Plaintiff's cited cases do not support his claims

None of Plaintiffs cited cases provide a basis to deny Defendants' motion. Plaintiff relies on *Howlett By & Through Howlett v. Rose*, 496 U.S. 356 (1990). But that case simply held that states cannot make a per se rule against hearing Section 1983 claims, to deter frivolous litigation in state courts. *Id*. at 380-81. Next, Plaintiff cites *Owen v. City of Indep., Mo.*, 445 U.S. 622 (1980). That case simply repeated the well-established principle that municipalities can be held liable under Section 1983 only when a plaintiff establishes an injury because of a municipality's policy or custom. *Id*. at 623. Finally, Plaintiff relies on *Sherar v. Cullen*, 481 F.2d 945 (9th Cir. 1973). However, the court in that case held that an IRS agent could not be terminated until there had been a judicial determination as to the reasonableness of a request to audit his personal finances. *Id*. at 946-48. None of those cases lend support to Plaintiff's Complaint, or his opposition to Defendants' motion.

## RELIEF REQUESTED

WHERFORE, Defendants ask this Court to grant their Motion for Judgment on the Pleadings and dismiss the Plaintiff's Complaint in its entirety.

    Respectfully submitted,

    **SEWARD HENDERSON PLLC**

    /s/ David D. Burress (P77525)
    *Attorneys for Defendants*
    210 East 3rd Street, Suite 212
    Royal Oak, Michigan 48067
    P: (248) 733-3580
    F: (248) 733-3633
    E: dburress@sewardhenderson.com

Dated:   September 28, 2020

**PROOF OF SERVICE**

I hereby certify that on **Monday, September 28, 2020**, I electronically filed the foregoing document and this Proof of Service with the Clerk of the court using the ECF system, and served a copy on Plaintiff via First Class Mail and email at the addresses listed in the caption.

/s/ David D. Burress
**SEWARD HENDERSON PLLC**
210 East 3rd Street, Suite 212
Royal Oak, MI 48067
P: (248) 733-3580
F: (248) 733-3633
E: dburress@sewardhenderson.com

Dated: September 28, 2020