UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GRAYSON-BEY,

                Plaintiff,         Civil Action No. 19-13588
                                        Honorable Nancy G. Edmunds
                                        Magistrate Judge David R. Grand

v.

SOUTHFIELD POLICE DEPT., *et. al.*,

                Defendants.

_____/

**REPORT AND RECOMMENDATION TO GRANT DEFENDANTS'
MOTION FOR JUDGMENT ON THE PLEADINGS (ECF No. 18)**

*Pro se* plaintiff Grayson-Bey filed his complaint on December 6, 2019, against defendants Southfield Police Department, Officer Michael Wojciechowski, Officer David Moore, and Officer Swade Fox (collectively, "Defendants"). (ECF No. 1.) Grayson-Bey's claims stem from an allegedly unlawful traffic stop and arrest, which he claims violated his rights under the Fourth Amendment to the United States Constitution and the Treaty of Peace and Friendship of 1787. (*Id.*) Grayson-Bey seeks damages, including punitive damages, of $1.2 million. (*Id.* at PageID.7.)

Presently before the Court is Defendants' Motion for Judgment on the Pleadings. (ECF No. 18.) Grayson-Bey filed a response and Defendants filed a reply. (ECF Nos. 21, 22.) On January 7, 2020, this case was referred by the Honorable Nancy G. Edmunds to the undersigned for all pretrial purposes. (ECF No. 9.) The Court dispenses with oral argument pursuant to E.D. Mich. L.R. 7.1(f).

I.     **RECOMMENDATION**

For the reasons set forth below, Grayson-Bey's complaint fails to state a claim upon which relief can be granted against Defendants. Therefore, **IT IS RECOMMENDED** that Defendants' Motion for Judgment on the Pleadings **(ECF No. 18)** be **GRANTED** and Grayson-Bey's complaint be dismissed in its entirety.

II.     **REPORT**

    A.     **BACKGROUND**

Grayson-Bey alleges that on October 10, 2019, he was "traveling down Hessell street in Detroit" when an officer pulled him over. (*Id*. at PageID.5.) Officer Fox ordered him out of the car. (*Id*.) Grayson-Bey told Officer Fox, "my son Ameer [is] in the back seat of the car and [] my name is Grayson-Bey and I'm a moor-American." (*Id*.) Officer Fox asked him for his identification or drivers' license. (*Id*.) Grayson-Bey provided Officer Fox with his "moors traveler card." (*Id*.) Grayson-Bey then alleges that Officer Fox "put handcuffs on [him] with the help of [O]fficer Moore." (*Id*.) One of the officers then placed him in the back of a police car. (*Id*. at PageID.8.) Another officer put his son in another car and called his son's mother to come to the scene. (*Id*.) While in jail, Officer Michael Wojciechowski informed Grayson-Bey that he was arrested for fleeing and eluding. (*Id*.)

Grayson-Bey's complaint contains no other allegations about the criminal charges against him, including how or whether they were resolved. He alleges various forms of damage, however, including that he is "behind in [his] mortgage payments because of this ordeal," and "is in therapy because of this." (*Id.*, PageID.7.) He seeks $1.2 million in damages. (*Id.*).

    B.     **LEGAL STANDARD**

Pursuant to Fed. R. Civ. P. 12(c), "a party may move for judgment on the pleadings." Such a motion is reviewed under the same standard as motions under Fed. R. Civ. P. 12(b)(6).

2

*See Vickers v. Fairfield Medical Center,* 453 F.3d 757, 761 (6th Cir. 2006). Therefore, on a motion brought pursuant to Rule 12(c), judgment may be issued for a party's failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6) and (c).

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests a complaint's legal sufficiency. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556. Put another way, the complaint's allegations "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (citing *Twombly*, 550 U.S. at 555-56).

In deciding whether a plaintiff has set forth a "plausible" claim, the Court must accept the factual allegations in the complaint as true. *Id.*; *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007). That tenet, however, "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," to prevent a complaint from being dismissed on grounds that it fails to comport sufficiently with basic pleading requirements. *Iqbal*, 556 U.S. at 678; *see also Twombly*, 550 U.S. at 555; *Howard v. City of Girard, Ohio*, 346 F. App'x 49, 51 (6th Cir. 2009). Ultimately, "[d]etermining

3

whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Pleadings filed by *pro se* litigants are entitled to a more liberal reading than would be afforded to formal pleadings drafted by lawyers. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007). Nonetheless, "[t]he leniency granted to pro se [litigants] ... is not boundless," *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004), and "such complaints still must plead sufficient facts to show a redressable legal wrong has been committed." *Baker v. Salvation Army*, 2011 WL 1233200, at *3 (E.D. Mich. Mar. 30, 2011).

    C.    ANALYSIS

        1.    *Treaty of Peace and Friendship of 1787*

This is not the first case Grayson-Bey has filed in which he asserted that police officers who had arrested him violated his rights as a Moorish American under the Treaty of Peace and Friendship of 1787. He recently raised that same claim in *Grayson-Bey v. Hutchinson*, No. 20-cv-10487. In dismissing that case *sua sponte*, the Honorable Stephen J. Murphy, III explained:

> Plaintiff alleged that on January 5, 2020, he was lawfully driving when an officer pulled him over. [] The officer told him that he was speeding and asked for his ID. *Id*. Plaintiff informed the officer that he was Moorish American and handed him his ID, which stated that he was a Moabite. [] The officer then opened his car door and arrested him. [] Because he was taken into the police station and his car was left on the side of the road, Plaintiff claimed that his car was illegally towed by J and M/Dalton Currier Towing Company. []
>
>                             \* \* \*
>
> In the section on relief sought, Plaintiff alleged that he was stopped against his will, kidnapped, and extorted. [] He seeks $500.00 in compensatory damages for the money he spent related to the traffic stop and the state case and for the money he spent getting his car back. *Id*. He also seeks $5 million in punitive damages.

> \* \* \*
> Federal courts have seen, in recent years, an increase of cases from litigants, like Plaintiff, of Moorish American decent who are members of sovereign citizen movements. *See generally Marrakush Cases*, 2009 WL 2366132 (D.N.J. July 30, 2009) (collection of cases). The cases frequently invoke the litigants' Moorish heritage and various Barbary Treaties, such as the Treaty of Peace and Friendship, to raise claims relating to the litigants' civil rights. When the claims relate to events that occurred within the United States, as Plaintiff's claims do, they are "facially frivolous." *El Ameen Bey v. Stumpf*, 825 F. Supp. 2d 537, 558 (D.N.J. 2011) (citing *Murakush Caliphate of Amexem Inc. v. New Jersey*, 790 F. Supp. 2d 241, 269–72 (D.N.J. 2011)). The Court will therefore dismiss Plaintiff's claims that arise under the Treaty of Peace and Friendship.

*Grayson-Bey v. Hutchinson*, No. 2:20-CV-10487, 2020 WL 1047730, at *2 (E.D. Mich. Mar. 4, 2020).

Grayson-Bey's instant case is no different. He admits that the officer who pulled him over requested his identification and/or driver's license, and that instead of producing any form of legitimate government-issued identification, he produced only a "moor's traveler card," which gave the officer grounds to arrest him. *See* M.C.L. § 257.904(1), (3); M.C.L. § 257.311. *See also*, *Bey v. Bruchman*, No. 18-CV-2013-BHL, 2020 WL 5994444, at *1 (E.D. Wis. Oct. 9, 2020) (finding that similar allegations "describe a routine traffic stop" and did not raise a cognizable claim under the Treaty of Peace and Friendship). As such, Defendants' Motion for Judgment on the Pleadings should be granted with regard to Grayson-Bey's claims arising under the Treaty of Peace and Friendship of 1787.

    2.    *The Fourth Amendment*

Grayson-Bey also raises claims under the Fourth Amendment to the United States Constitution, seemingly pursuant to 42 U.S.C. § 1983, against all Defendants for performing a traffic stop without reasonable suspicion, and for arrest and imprisonment without probable cause. (ECF No. 21, PageID.136.)

To state a claim for an unconstitutional traffic stop under the Fourth Amendment,

5

Grayson-Bey must allege that the officers lacked a reasonable suspicion of an ongoing crime or a completed felony, or probable cause to believe that a civil traffic violation had been committed. *Hoover v. Walsh*, 682 F.3d 481, 493 (6th Cir. 2012).  Here, Grayson-Bey's complaint contains no such allegations, and indeed, he provides little to no explanation about the circumstances surrounding his traffic stop.  (ECF No. 1.)  However, he admits that the arresting officers had activated their emergency lights, and that he was accused of "fleeing and eluding" (ECF No. 1, PageID.8), which is a crime in Michigan.  *See* M.C.L.A. § 257.602a.  Moreover, Grayson-Bey indicated that, "Officer Moore stated that he didn't know my national flag was on the back of my car," which can only be read as suggesting – erroneously, as a matter of law – that Grayson-Bey did not need to comply with traffic laws or police officers' commands due to his status as a "moor American."  (ECF No. 1, PageID.6-8.)  Accordingly, Grayson-Bey failed to state a claim upon which relief can be granted under the Fourth Amendment, and Defendants' Motion for Judgment on the Pleadings as to the traffic stop should be granted.

Grayson-Bey also fails to state a false arrest or false imprisonment claim.  To do so, Grayson-Bey "must show that he was arrested without probable cause." *Grogg v. State*, No. 18-5794, 2019 WL 386973, at *3 (6th Cir. Jan. 7, 2019) (citing *Voyticky v. Village of Timberlake*, 412 F.3d 669, 677 (6th Cir. 2005); *Wallace v. Kato*, 549 U.S. 384, 388–89 (2007)).  He cannot meet this requirement, however, as he admits that he failed to produce valid identification when requested by the arresting officers, which is a violation of M.C.L. § 257.904(1), (3) and M.C.L. § 257.311.  *See also Bey v. Bruchman*, No. 18-CV-2013-BHL, 2020 WL 5994444, at *1.  The Court therefore recommends granting Defendants' instant motion as to Grayson-Bey's false arrest and imprisonment claims.

### 3. *Monell Claims Against the Southfield Police Department*

Finally, Grayson-Bey brought claims against the Southfield Police Department seemingly alleging that the Department is liable for the actions of its officers. (ECF No. 1.) The law is clear, however, that a municipality "cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." *Monell v. Dep't. of Soc. Servs.*, 436 U.S. 658, 691 (1978). Instead, to state a § 1983 claim against a municipality, Grayson-Bey must allege that the municipality's policies or customs caused the alleged constitutional violation. *Id.* at 694. Grayson-Bey's complaint contains no allegations whatsoever that could even arguably satisfy this pleading requirement. (ECF No. 1.) Moreover, a municipality cannot be liable under *Monell* absent an underlying constitutional violation, *Robertson v. Lucas*, 753 F.3d 606, 622 (6th Cir. 2014) (citation omitted), and, as discussed above, Grayson-Bey did not allege sufficient facts to show that there was an underlying constitutional violation.

For all of these reasons, the Court recommends dismissal of this claim as well.

### D. CONCLUSION

For all of the reasons set forth above, Grayson-Bey's complaint fails to state a claim upon which relief can be granted against any of the Defendants. Therefore, **IT IS RECOMMENDED** that Defendants' Motion for Judgment on the Pleadings **(ECF No. 18)** be **GRANTED** and Grayson-Bey's complaint be dismissed in its entirety.

Dated: November 10, 2020  s/David R. Grand
Ann Arbor, Michigan  DAVID R. GRAND
  United States Magistrate Judge

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

Within 14 days after being served with a copy of this Report and Recommendation and Order, any party may serve and file specific written objections to the proposed findings and recommendations and the order set forth above. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1). Failure to timely file objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). Copies of any objections must be served upon the Magistrate Judge. *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 10, 2020.

                                              s/Eddrey O. Butts
                                              EDDREY O. BUTTS
                                              Case Manager