UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **GRAYSON-BEY,** | Case No. 19-cv-13588-NGE-DRG |
| | Hon. Nancy G. Edmunds |
| Plaintiff, | Mag. Judge David R. Grand |
| v. | |
| **SOUTHFIELD POLICE DEPARTMENT,** **OFFICER MICHAEL WOJCIECHOWSKI,** **OFFICER DAVID MOORE,** and **OFFICER SWADE FOX,** | |
| Defendants. | |

| | |
|---|---|
| **GRAYSON-BEY** | **SEWARD HENDERSON PLLC** |
| *Plaintiff, Pro Se* | By:  T. Joseph Seward (P35095) |
| 18992 Westbrook |        David D. Burress (P77525) |
| Detroit, MI 48219 | *Attorneys for Defendants* |
| P: (313) 404-6873 | 210 E. 3rd Street, Suite 212 |
| E: ameergrayson2@gmail.com | Royal Oak, MI 48067 |
| | P: (248) 733-3580 |
| | F: (248) 733-3633 |
| | E: jseward@sewardhenderson.com |
| |    dburress@sewardhenderson.com |

## DEFENDANTS, SOUTHFIELD POLICE DEPARTMENT, OFFICER MICHAEL WOJCIECHOWSKI, OFFICER DAVID MOORE, AND OFFICER SWADE FOX'S RESPONSE TO PLAINTIFF'S OBJECTION

Defendants, **SOUTHFIELD POLICE DEPARTMENT, OFFICER MICHAEL WOJCIECHOWSKI, OFFICER DAVID MOORE,** and **OFFICER SWADE FOX,** by and through the undersigned counsel, submit the following as their Response in

Opposition to Plaintiff's Objection's to the Magistrate's Report and Recommendation granting Defendants' Motion for Judgment on the Pleadings pursuant to Fed. R. Civ. P. 12(c). In support of their Response, Defendants rely on the attached Brief.

LOCAL RULE CERTIFICATION: I, David D. Burress, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

Respectfully submitted,

SEWARD HENDERSON PLLC

/s/David D. Burress
*Attorneys for Defendants*
210 East 3rd Street, Suite 212
Royal Oak, Michigan 48067
P: (248) 733-3580
F: (248) 733-3633
E: dburress@sewardhenderson.com

Dated:   December 3, 2020

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| GRAYSON-BEY, | Case No. 19-cv-13588-NGE-DRG |
| | Hon. Nancy G. Edmunds |
| Plaintiff, | Mag. Judge David R. Grand |
| v. | |
| SOUTHFIELD POLICE DEPARTMENT, OFFICER MICHAEL WOJCIECHOWSKI, OFFICER DAVID MOORE, and OFFICER SWADE FOX, | |
| Defendants. | |

| | |
|---|---|
| GRAYSON-BEY | SEWARD HENDERSON PLLC |
| *Plaintiff, Pro Se* | By:   T. Joseph Seward (P35095) |
| 18992 Westbrook | David D. Burress (P77525) |
| Detroit, MI 48219 | *Attorneys for Defendants* |
| P: (313) 404-6873 | 210 E. 3rd Street, Suite 212 |
| E: ameergrayson2@gmail.com | Royal Oak, MI 48067 |
| | P: (248) 733-3580 |
| | F: (248) 733-3633 |
| | E: jseward@sewardhenderson.com |
| | dburress@sewardhenderson.com |

**BRIEF IN SUPPORT OF DEFENDANTS, SOUTHFIELD POLICE DEPARTMENT, OFFICER MICHAEL WOJCIECHOWSKI, OFFICER DAVID MOORE, AND OFFICER SWADE FOX'S RESPONSE TO PLAINTIFF'S OBJECTION**

iii

TABLE OF CONTENTS

Index of Authorities .................................................................. v

Question Presented .................................................................. ix

Statement of Procedural History ............................................. 1

Standard of Review .................................................................. 2

Statement of Plaintiff's Allegations ........................................ 3

Law & Analysis ........................................................................ 4

   I.   Plaintiff has failed to preserve issues for review by his failure to specifically object to the magistrate's recommendation .............................. 4

   II.   Plaintiff has improperly attempted to raise issues or materials that were not raised before the magistrate ....................................... 6

   III.   Plaintiff has failed to state a plausible claim for relief arising from a violation of Constitutional rights ....................................... 7

      A.   Law ............................................................................. 7

      B.   Application ................................................................... 10

   IV.   Even if the Court were to consider Plaintiff's improper exhibits, the Complaint should be dismissed. ............................... 16

   V.   Plaintiff's claims based upon the Treaty of Peace and Friendship of 1787 should be dismissed ....................................... 18

   VI.   Plaintiff's claims against the Southfield Police Department should be dismissed ................................................................ 18

   VII.  Plaintiff has failed to state a claim against the City of Southfield .................................................................................. 19

      A.   Law ............................................................................. 19

      B.   Application ................................................................... 20

   VIII.   Plaintiff's claims on behalf of others should be dismissed. ............ 20

Relief Requested ..................................................................... 21

## INDEX OF AUTHORITIES

## Cases

*Alkire v. Irving*,
   330 F.3d 802 (6th Cir. 2003).................................................................20

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007) .........................................................................3

*Boykin v. Van Buren Twp.*,
   479 F.3d 444 (6th Cir. 2007).................................................................19

*Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*,
   508 F.3d 327 (6th Cir. 2007).................................................................2

*Doe v. Claiborne Cnty.*,
   103 F.3d 495 (6th Cir. 1996).................................................................20

*Grayson-Bey v. Hutchinson*,
   No. 2:20-CV-10487, 2020 WL 1047730 (E.D. Mich. Mar. 4, 2020).......passim

*Hoover v. Walsh*,
   682 F.3d 481 (6th Cir. 2012).......................................................... 13, 17

*Howard v. Sec'y of Health & Human Servs.*,
   932 F.2d 505 (6th Cir. 1991)......................................................... 2, 4, 5

*I Win. You Win. Irwin LLC v. Casey's Pub, Inc.*,
   No. 18-11151, 2018 WL 5307621 (E.D. Mich. Oct. 26, 2018) ........................19

*Iannaccone v. Law*,
   142 F.3d 553 (2d Cir. 1998)..................................................................21

*Jenkins v. Livonia Police Dep't*,
   No. 13-14489, 2016 WL 759338 (E.D. Mich. Feb. 26, 2016) ...........................3

*Lawrence v. City of Warren*,
 No. 11-CV-13114, 2012 WL 2601388 (E.D. Mich. July 5, 2012) ...................16

*Mathews v. Weber*,
 423 U.S. 261 (1976) ........................................................................................6

*Monell v. Dep't of Soc. Servs.*,
 436 U.S. 658 (1974). ......................................................................................20

*Moorish Nat. Republic: Federal Gov't Moorish Divine & Nat. Movement of
 the World v. City of Chicago*,
 No. 10-CV-1047, 2011 WL 2893024 (N.D. Ill. July 19, 2011)............. 9, 10, 12

*Murr v. United States*,
 200 F.3d 895 (6th Cir. 2000)...........................................................................6

*People v. Heldt*,
 No. 236842, 2003 WL 21464816 (Mich. Ct. App. June 24, 2003) ........... 15, 16

*People v. Kopp*,
 No. 232165, 2002 WL 31058350 (Mich. Ct. App. Sept. 13, 2002) .......... 15, 16

*Salaam El v. City of Dearborn*,
 No. 09-12136, 2010 WL 582773 (E.D. Mich. Feb. 18, 2010) ................. 7, 8, 12

*Shepard v. Wellman*,
 313 F.3d 963 (6th Cir. 2003)..........................................................................21

*Sykes v. Anderson*,
 625 F.3d 294 (6th Cir. 2010)..........................................................................18

*Turner v. City of Taylor*,
 412 F.3d 629 (6th Cir. 2005)..........................................................................20

*United States v. Ellison*,
 462 F.3d 557 (6th Cir. 2006)..........................................................................17

*Whittum v. Saginaw Cty.*,
  No. 02-10313-BC, 2005 WL 3271810 (E.D. Mich. Nov. 22, 2005) ...................6

*Whren v. U.S.*,
  517 U.S. 806 (1996) ...............................................................................13

**Statutes**

28 U.S.C. § 1915(e) .................................................................................10

28 U.S.C. § 636(b)(1) ...............................................................................2

42 U.S.C. § 1983.....................................................................................19

Mich. Comp. Laws § 257.311 ............................................................. 15, 17

Mich. Comp. Laws § 257.324(1)(h) .................................................... 14, 15

Mich. Comp. Laws § 257.901(3) ......................................................... 14, 17

Mich. Comp. Laws § 257.904(1) .................................................... 14, 15, 17

Mich. Comp. Laws § 750.479 .................................................................16

Mich. Comp. Laws § 750.479a ...............................................................18

Mich. Comp. Laws § 750.81d............................................................ 15, 16

Mich. Comp. Laws § 764.15 ...................................................................14

Mich. Comp. Laws §750.479 ..................................................................15

Mich. Comp. Laws Ann. § 257.602a .......................................................13

**Rules**

E.D. Mich. LR 72.1(d)(1) ........................................................2

Fed. R. Civ. P. 12(b)(6) ........................................................2, 8

Fed. R. Civ. P. 72(b)(2) ........................................................2, 4

Fed. R. Civ. P. 72(b)(3) ........................................................2

## QUESTION PRESENTED

1. Did the magistrate correctly determine that Plaintiff's claims against Officers Moore, Fox, and Wojciechowski should be dismissed where Plaintiff has merely included the officers' names in the Complaint without any direct allegation of wrongdoing, and a fair reading of the Complaint indicates that the claim is based upon Plaintiff's claimed status as a Moorish national?

Defendants answer, "*Yes.*"

Plaintiff, Grayson-Bey, presumably answers, "*No.*"

2. Did the magistrate correctly determine that Plaintiff has failed to state a plausible claim for relief, where Plaintiff's Complaint fails to allege a violation of the Fourth Amendment, and instead alleges that Plaintiff was stopped for a traffic stop, and subsequently arrested when he failed to produce his driver's license when requested by officers, and instead produced a "Moor's travelers' card?"

Defendants say,          "*Yes.*"

Plaintiff says,          "*No.*"

3. Did the magistrate correctly determine that Plaintiff's claims alleging violations of the Treaty of Peace and Friendship of 1787 should be dismissed where the Court has found such claims to be facially frivolous?

Defendants answer, "*Yes.*"

Plaintiff, Grayson-Bey, presumably answers, "*No.*"

ix

4. Did the magistrate correctly determine that Plaintiff's claims against the City of Southfield should be dismissed where Plaintiff where Plaintiff has named the Southfield Police Department which is not an entity capable of being sued, and has failed to allege the existence of any official policy of practice that was the moving force behind her alleged injuries?

Defendants answer, "*Yes.*"

Plaintiff, Grayson-Bey, presumably answers, "*No.*"

5. Did the magistrate correctly determine that Plaintiff's complaint should be dismissed in its entirety where Plaintiff, a non-lawyer proceeding pro se, has also alleged claims on behalf of others?

Defendants answer, "*Yes.*"

Plaintiff, Grayson-Bey, presumably answers, "*No.*"

**STATEMENT OF PROCEDURAL HISTORY**

On November 10, 2020, following consideration of Defendant's

Motion for Judgment on the Pleadings, Magistrate Judge Grand issued a

Report and Recommendation concluding that:

> Grayson-Bey's complaint fails to state a claim upon which relief
> can be granted against any of the Defendants.  Therefore, IT IS
> RECOMMENDED that Defendants' Motion for Judgment on the
> Pleadings (ECF No. 18) be GRANTED and Grayson-Bey's
> complaint be dismissed in its entirety.

[ECF No. 23, PageID.172].

On November 16, 2020, Plaintiff mailed "an objection to continue the

case" which was accepted for filing. [ECF No. 24].

## STANDARD OF REVIEW

"Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). Objections must "(A) specify the part of the order, proposed findings, recommendations, or report to which a person objects; and (B) state the basis for the objection." E.D. Mich. LR 72.1(d)(1). Proper objections are afforded *de novo* review. Fed. R. Civ. P. 72(b)(3). The district judge is only obligated to review *de novo* parts of the magistrate's disposition that have been properly objected to. Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508-509 (6th Cir. 1991).

A *de novo* standard of review would be that for a Rule 12(c) motion, which states that judgment may be issued for a party's failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A complaint must allege all material elements of a "viable legal theory" to be sufficient. *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007). A court must accept all well-pled factual allegations as true, but "need not accept the plaintiff's legal conclusions or unwarranted factual inferences as true." *Id.* If, after construing the complaint in a light most favorable to the

2

non-moving party, the court determines that plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face," the court must grant the moving party judgement as a matter of law. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). Although the Court applies a less stringent standard when reviewing the complaint of litigants appearing in *pro se*, courts are not required to conjure unstated allegations or guess the plaintiff's claims. *Jenkins v. Livonia Police Dep't*, No. 13-14489, 2016 WL 759338, at *1 (E.D. Mich. Feb. 26, 2016)[Exhibit 1 - Jenkins v Livonia Police Department].

STATEMENT OF PLAINTIFF'S ALLEGATIONS

In this case, Plaintiff Grayson-Bey alleges that on October 10, 2019, he was "travelling" down Hessel Street in Detroit when he saw emergency lights in his rearview mirror. [ECF No. 1, PageID.5]. Plaintiff alleges that he stopped his vehicle, that Officer Fox ordered him out of the vehicle, that Officer Fox requested "an ID or driver's license," and that Plaintiff instead provided a "Moors travelers card." [ECF No. 1, PageID.5]. Plaintiff also alleges that Officer Moore "states that he didn't know my national flag was on the back of my car." [ECF No. 1, PageID.5, 8]. Plaintiff alleges that he was then handcuffed by Officers Fox and Moore, taken to the jail, and later

3

released on bond. [ECF No. 1, PageID.5, 8]. Plaintiff also alleges that he was

ordered to call his son's mother to retrieve him. [ECF No.1, Page ID.8]. While

at the jail, Plaintiff alleges that officer "Michael" told him that he was

accused of fleeing and eluding and that "my name wasn't real (Grayson-

Bey)" and that he was being charged with misrepresentation. [ECF No. 1,

PageID.8]. Plaintiff alleges that he appeared in Court the next day. [ECF No.

1, PageID.8]. Plaintiff filed this action, seeking $1.2 Million in punitive

damages and "financial hardship to this day." [ECF No. 1, PageID.7].

LAW & ANALYSIS

I. **Plaintiff has failed to preserve issues for review by his failure to specifically object to the magistrate's recommendation**

Plaintiff's objection should be treated as a failure to object because he

has failed to identify any specific error in the magistrate's Report and

Recommendation. A general objection fails to satisfy a party's obligation to

make specific objections under Fed. R. Civ. P. 72(b)(2). For example, in

*Howard*, 932 F.2d at 508-509 the magistrate judge recommended that the

defendant's motion for summary judgment should be granted. The plaintiff

objected to the magistrate's recommendation with a pleading that referenced

persons and documents not involved in the case, and only generally

4

expressed a belief that the magistrate's recommendation was wrong. *Id*. at 508. On appeal, the Sixth Circuit determined that the plaintiffs "objection" was contrary to the requirements of the Magistrates Act because it did not focus the district court's attention any specific issue for review, and effectively required a wasteful duplication of effort before the magistrate and district judge. *Id*. Accordingly, the Court held that the plaintiff's objection was a general objection, which had the same effect as a failure to object and waived her right to appellate review. *Id*. at 506.

Here, Plaintiff has filed an "objection to continue," which does not identify any specific error in the magistrate's report and recommendation. Plaintiff argues that "Southfield police department arrested me (Grayson-bey), with no probable cause" and rhetorically asks "so where is the probable cause." (ECF No. 24, PageID.175). However, Plaintiff fails to identify any error in the magistrate's analysis. Accordingly, Plaintiff has waived entitlement to review of the magistrate's recommendation.

## II.   Plaintiff has improperly attempted to raise issues or materials that were not raised before the magistrate

The exhibits attached to Plaintiff's objection also should not be considered in the Court's review. The Federal Magistrates Act, 28 U.S.C. § 631, et seq., was not intended to "give litigants an opportunity to run one version of their case past the magistrate, then another past the district court." *Whittum v. Saginaw Cty.*, No. 02-10313-BC, 2005 WL 3271810, at *4 (E.D. Mich. Nov. 22, 2005). The purpose of the Act is to assist the district judge and benefit the court and the parties by focusing issues for review. *Mathews v. Weber,* 423 U.S. 261, 271 (1976). The magistrate's review helps the district court move directly to those arguments that find support in the record. *Id.* The Act generally does not allow a party to raise new arguments or issues at the district court stage. *Murr v. United States,* 200 F.3d 895, 902 n.1 (6th Cir. 2000). A party is required to show exceptional circumstances to justify or excuse a failure to raise matters before the magistrate. *Whittum*, 2005 WL 3271810, at *4. [Exhibit 2 - Whittum v Saginaw County].

Here, Plaintiff has improperly attached to his objection as exhibits 1 through 4 a police report, a custody receipt for the false/sovereign citizen identification given to officers during the traffic stop, an order from the state

6

district court, a bond form, and an arrest slip; none of which were attached to the pleadings. [ECF No. 24, PageID.180-193]. Plaintiff has failed to provide any explanation for his failure to attach these materials to his pleadings, or his failure to raise any issue about them before the magistrate. Accordingly, the Court should decline consideration of Plaintiff's exhibits when reviewing the magistrate's Report and Recommendation.

### III. Plaintiff has failed to state a plausible claim for relief arising from a violation of Constitutional rights

Even if the Court were to review *de novo* the magistrate's report and recommendation, the recommendation of the magistrate should be adopted, and Plaintiff's Complaint should be dismissed, because Plaintiff has failed to state a plausible claim for relief under the Fourth Amendment.

### A. Law

Complaints based upon a plaintiff's Moorish nationality or identity cannot withstand a motion under Fed. R. Civ. P. 12(c), even when the Complaint cites to a constitutional amendment. For example, in *Salaam El v. City of Dearborn,* No. 09-12136, 2010 WL 582773 (E.D. Mich. Feb. 18, 2010)[Exhibit 3 - Salaam El v City of Dearborn], the plaintiff claimed that a City of Dearborn police officer violated his constitutional rights. The plaintiff

alleged that he was stopped for speeding, that he presented his "nationality card" and "international road travel card" to the officer, and that every act afterwards was a violation of his rights. *Id.* Plaintiff also alleged that all the defendants should have been aware of his Moorish nationality because it is registered with Library of Congress and recognized by the United States Department of Justice. *Id.* at 2. With respect to the individual defendant officer, plaintiff alleged that the officer kidnapped him under threat of injury and conspired to violate the plaintiff's constitutional rights by assaulting him with intent to do great bodily harm. *Id.*

On a motion under Fed. R. Civ. P. 12(b)(6), this Court determined that even when liberally construed, the Complaint was defective because it "merely allege[d] violations of constitutional rights, without any facts to specifically identify what rights were violated or how they were allegedly violated." *Id.* at 7. The Court also determined that the plaintiff's claims should be dismissed because they appeared to be based upon the plaintiff's assertion that he is beyond the reach of the state courts because of his Moorish status. *Id.* at 9.

Other courts have concluded that a complaint fails to state a plausible claim for relief under the Fourth Amendment, when a fair reading reveals

that the claims are based upon the plaintiff's Moorish identity. In *Moorish Nat. Republic: Federal Gov't Moorish Divine & Nat. Movement of the World v. City of Chicago*, No. 10-CV-1047, 2011 WL 2893024, (N.D. Ill. July 19, 2011)[ Exhibit 4 – *Moorish Nat Republic*], the plaintiff made allegations about multiple occasions when he and others were stopped, arrested, and prosecuted. *Id*. at 1-3. Although no individual officers were served, the complaint made allegations against specific officers, and the Court considered the claims because they were relevant to the plaintiff's *Monell* claims. *Id*. at 6 n.8.

On a motion under Rule 12(b)(6), the Court dismissed the complaint. The Court determined that by a fair reading, the complaint stated a cause of action for false arrest, among others. *Id*. at 1. However, the Court determined that based upon the complaint and motion papers that were filed, the plaintiff "is claiming that there was no probable cause for his arrest because he is a Moorish National and not subject to the same requirements as United States citizens." *Id*. at 8. The Court noted that it is well-established that the plaintiff's status as a Moorish National did not excuse him from complying with the Illinois traffic laws. *Id*. Accordingly, the Court concluded that the plaintiff had failed to state a claim for false arrest. *Id*.

**B. Application**

*i.  Plaintiff has failed to state a plausible claim because a fair reading of the Complaint reveals it is based on Plaintiff's Moorish identity*

This is the second lawsuit filed by Plaintiff under the name "Grayson-Bey" against police officers, arising from traffic stops and alleged violations of Barbary Treaties and civil rights. On February 26, 2020, Plaintiff filed a nearly identical lawsuit. *Grayson-Bey v. Hutchinson*, No. 2:20-CV-10487, 2020 WL 1047730, at *1 (E.D. Mich. Mar. 4, 2020)[Exhibit 5 - Grayson-Bey v Hutchinson]. That case arose from a traffic stop on January 5, 2020, where Plaintiff provided a City of Dearborn Heights officer a Moorish identification card when asked for identification. *Id.* After he was arrested, prosecuted, and pleaded guilty, Plaintiff sued the police department, arresting officers, the judge assigned to the case, and the prosecuting attorney, seeking $5 Million in damages. *Id.*

Pursuant to 28 U.S.C. § 1915(e), the Court dismissed the complaint *sua sponte*, finding that the claims which invoke "Moorish heritage and various Barbary Treaties, such as the Treaty of Peace and Friendship," to be facially frivolous. *Id.* at 2.  As to Plaintiff's Fourth Amendment claim, the Court found that Plaintiff failed to state a plausible claim because he provided

10

"little to no explanation of the traffic stop and subsequent arrest and prosecution" and did not clearly allege "why the events occurred did not provide probable cause to arrest and prosecute him." *Id.* at 3. And that Plaintiff merely included the officer's name in statement of facts with "no direct allegation of wrongdoing." *Id.*

By a fair reading of Plaintiff's Complaint in this case, he is alleging that the officers Fox and Moore were not allowed to arrest him because of his status as a Moorish national. Plaintiff alleges that he was "travelling" down Hessel Street when he saw emergency lights in his rearview mirror. [ECF No. 1, PageID.5]. Plaintiff alleges that he provided Officer Fox with his "Moors travelers card," and that Officer Moore "states he didn't know my national flag was on the back of my vehicle." [ECF No. 1, PageID.5].

Just as in *Grayson-Bey v Hutchinson*, Plaintiff has named officers in his Complaint but has failed to make a direct allegation of wrongdoing. Rather, a fair reading of Plaintiff's Complaint is that, as in *Moorish Nat. Republic*, the claims are based upon Plaintiff's Moorish status, and an assertion that the officers had no authority to arrest him because he showed them his "Moors travelers card." And, just as in *Salaam El v. City of Dearborn*, supra, a fair reading of Plaintiff's Complaint is that the claims are based on an assertion

11

that the officers should have been aware of his Moorish national status and that Plaintiff was not subject to arrest, because his "national flag" was displayed on his vehicle.

Plaintiff's "objection" also argues that he was not required to provide officers with a valid driver's license identification when requested, because Plaintiff could instead "represent myself the way I see myself." (ECF No. 24, PageID.176). The magistrate did not err when he determined that Plaintiff's Complaint fails to state a claim because it erroneously claims that he did not need to comply with traffic laws or police officer's commands due to his status as a "moor-American." [ECF No. 23, PageID.171].

### ii. Plaintiff failed to allege a lack of reasonable suspicion for the stop

The Fourth Amendment requires that a traffic stop "not be 'unreasonable' under the circumstances." *Whren v. U.S.*, 517 U.S. 806, 810 (1996). A police officer may stop a car when they have reasonable suspicion of an ongoing crime or a completed felony, or probable cause to believe that a civil traffic violation has been committed. *Hoover v. Walsh*, 682 F.3d 481, 493 (6th Cir. 2012). Fleeing and eluding is a felony offense. Mich. Comp. Laws Ann. § 257.602a.

12

In his response to Defendant's motion, Plaintiff argued that "the facts I stated in this case are there to see that for there to be probable cause a crime must be committed. . . ." [ECF No. 21, Page. ID 136]. And "I Grayson-Bey was taken against my will with no probable cause." [ECF No. 21, Page.ID 137]. However, nowhere in the Complaint, response to Defendant's motion, nor in Plaintiff's "objection" to the Report and Recommendation does Plaintiff allege or even argue that there was a lack of reasonable suspicion for the traffic stop. Rather, his Complaint is consistent with reasonable suspicion because Plaintiff admits he was "accused of flee [sic] and eluding." [ECF No. 1, Page.ID 8]. The magistrate correctly determined that Plaintiff failed to state a claim under the Fourth Amendment against any of the officers with respect to the traffic stop. [ECF No. 23, PageID.170-171].

### iii. Plaintiff failed to allege a lack of probable cause for his arrest

Under Michigan law, an officer may make a warrantless arrest of a person suspected of committing a misdemeanor or a felony offense. Mich. Comp. Laws § 764.15.  Operation of a motor vehicle without the required license is a misdemeanor. Mich. Comp. Laws § 257.904(1), (3). Furnishing false or fictious written information to an officer is a misdemeanor offense. Mich. Comp. Laws § 257.324(1)(h). Failing to display a driver's license when

requested by an officer is a misdemeanor offense. Mich. Comp. Laws §
257.311. And finally, a knowing failure to comply with an officer's lawful
command is a felony. Mich. Comp. Laws § 750.81d, 750.479. Michigan
Courts have concluded that an officer has probable cause to believe that a
crime has been committed where a suspect obstructs a traffic stop by
withholding their identification. See, e.g. *People v. Heldt*, No. 236842, 2003
WL 21464816, at *4 (Mich. Ct. App. June 24, 2003)[Exhibit 6 - People v Heldt];
*People v. Kopp*, No. 232165, 2002 WL 31058350, at *2 (Mich. Ct. App. Sept. 13,
2002)[Exhibit 7 - People v Kopp].

Plaintiff acknowledges in his Complaint that he was the operator of a
motor vehicle. [ECF No. 1, PageID.5]. Plaintiff also acknowledges that
Officer Fox asked him to produce his identification or driver's license during
the stop. [ECF No. 1, PageID.5]. Instead of providing his driver's license or
a valid identification card, Plaintiff admits that he provided Officer Fox with
a "Moors travelers' card." [ECF No. 1, Page ID.5]. Plaintiff's failure to
produce his driver's license or identification constituted violations of Mich.
Comp. Laws § 257.904(1)-(3), Mich. Comp. Laws § 257.311, and Mich. Comp.
Laws § 257.324(1)(h), which are misdemeanor offenses. Plaintiff's failure to
produce his driver's license or identification also constituted violations of

Mich. Comp. Laws § 750.81d and Mich. Comp. Laws § 750.479, which are felony offenses. As in *Heldt,* and *Kopp,* Plaintiff's allegations are consistent with probable cause.

Plaintiff's objection simply concludes that "Southfield police department arrested me (Grayson-bey), with no probable cause" and rhetorically asks "so where is the probable cause." (ECF No. 24, PageID.175). Plaintiff has failed to demonstrate that magistrate committed any error by determining that Plaintiff failed to state a claim under the Fourth Amendment with respect to Plaintiff's arrest. [ECF No. 23, PageID.171-172].

### iv. Plaintiff has failed to state a plausible claim against officer Wojciechowski

Plaintiff has failed to allege a plausible claim against Officer Wojciechowski. Plaintiff lists him as a defendant. [ECF No. 1, PageID.3]. However, the only apparent allegation against Officer Wojciechowski is the allegation that "[w]hile I was in jail, officer Michael said to me that I was accused of Flee[sic] and Eluding [and] said my name wasn't real and that I was being charge[sic] for misrepresentation." [ECF No. 1, PageID.8]. Plaintiff has failed to allege a plausible claim for relief, and the claim against Officer Wojciechowski should be dismissed.

**IV.   Even if the Court were to consider Plaintiff's improper exhibits, the Complaint should be dismissed.**

In addition to being improper under the Magistrate Judge Act, the exhibits attached to Plaintiff's "objection" are improper because they refence matters outside the pleadings. Consideration of materials outside the pleadings on a motion under 12(b)(6) is generally impermissible. See, e.g., *Lawrence v. City of Warren*, No. 11-CV-13114, 2012 WL 2601388, at *1 (E.D. Mich. July 5, 2012) [Exhibit 8 - Lawrence v City of Warren]. However, even if the Court were to consider the materials attached to Plaintiff's objection, dismissal of the Complaint is proper because the exhibits fail to show that Plaintiff has plead a plausible claim for relief.

Plaintiff's exhibits show that he was stopped because officers observed Plaintiff's license plate, and the license plate matched a vehicle wanted in the City of Southfield on suspicion of fleeing an eluding. [ECF No. 24, PageID.18]. The officers lawfully checked the license plate against a law enforcement database. See *United States v. Ellison*, 462 F.3d 557, 562 (6th Cir. 2006). The officers were also permitted to effect a traffic stop after learning that the vehicle was suspected of being involved in a felony. *Hoover*, 682 F.3d at 493. Plaintiff's exhibits do not establish any error in the magistrate's

16

determination that the Complaint fails to state a Fourth Amendment claim based upon the traffic stop. [ECF No. 23, Page ID. 171].

Plaintiff's newly attached exhibits are also consistent with Plaintiff's allegations that during the stop, he failed to produce a valid driver's license, when requested. [ECF No. 24, PageID.18]. Accordingly, Plaintiff's exhibits fail to show any error in the magistrate's determination that the officers had probable cause to arrest for Plaintiff's refusal to produce his driver's license when asked, pursuant to Mich. Comp. Laws § 257.904(1), (3); M.C.L. § 257.311 [ECF No. 23, Page ID.170].

Plaintiff has also included an order showing that a charge of "misrepresentation" was dismissed by the prosecutor. [ECF No. 24, PageID.190]. However, Plaintiff has failed to show that the order provides support for his claims. The determination of whether probable cause for an arrest exists is based upon the facts and circumstance known to the officer at the time of the arrest. *Sykes v. Anderson*, 625 F.3d 294, 306 (6th Cir. 2010). A prosecutor's subsequent decision to dismiss fails to establish an absence of probable cause. Accordingly, even if the Court were to consider Plaintiff's improperly attached exhibits, Plaintiff has failed to establish that the magistrate committed error by determining that Plaintiff's Complaint failed

17

to state a plausible claim for false arrest or imprisonment. [ECF No. 23, PageID.171].

## V.   Plaintiff's claims based upon the Treaty of Peace and Friendship of 1787 should be dismissed

Plaintiff's claims based upon alleged violations of the Treaty of Peace and Friendship fail to state a plausible claim for relief and should be dismissed. As explained in *Grayson-Bey v. Hutchinson*, supra, claims invoking such treaties that relate to events occurring within the United States are "facially frivolous." *Id*. at 2. Here, Plaintiff has alleged that the "Treaty of Peace and Friendship 1787" is at issue in this case. [ECF No. 1, Page ID.4]. The claim is frivolous and should be dismissed. The magistrate did not err when he determined that Plaintiff's claim under the Treaty of Peace and Friendship should be dismissed. [ECF No. 23, PageID.169-170].

## VI.   Plaintiff's claims against the Southfield Police Department should be dismissed

A police department is not a separate entity that is capable of being sued under 42 U.S.C. § 1983. *Boykin v. Van Buren Twp.*, 479 F.3d 444, 450 (6th Cir. 2007); see also *I Win. You Win. Irwin LLC v. Casey's Pub, Inc.*, No. 18-11151, 2018 WL 5307621, at *4 (E.D. Mich. Oct. 26, 2018) [Exhibit 9 - I Win You Win Irwin LLC v Caseys Pub Inc] (Detroit police department not an

entity capable of being sued because it is a department of the city). Here,
Plaintiff has improperly named the Southfield Police Department as a
defendant. [ECF No. 1, PageID.2]. The police department is not a separate
entity that is capable of being sued. *Boykin,* 479 F.3d at 450. Accordingly,
Plaintiff's clams against the Southfield Police Department should be
dismissed pursuant to Fed. R. Civ. P. 12(c).

**VII.   Plaintiff has failed to state a claim against the City of Southfield**

**A. Law**

To the extent that Plaintiff's Complaint could be construed to allege a
claim against the City of Southfield, Plaintiff has also failed to state a valid
claim upon which relief can be granted. A municipality may only be liable
under 42 U.S.C. § 1983 when its policy or custom causes the injury,
regardless of the form of relief sought by the plaintiff. *Monell v. Dep't of Soc.
Servs.*, 436 U.S. 658, 694 (1974). A municipality may not be sued in an action
under § 1983 for an injury inflicted solely by its employees or agents under
a theory of *respondeat superior*. *Monell*, 436 U.S. at 691. In a municipal-liability
claim, the finding of a policy or custom is the initial determination to be
made. *Doe v. Claiborne Cnty.*, 103 F.3d 495, 509 (6th Cir. 1996). The policy or
custom must be the moving force behind the constitutional injury, and a

plaintiff must identify the policy, connect the policy to the governmental entity and show that the particular injury was incurred because of the execution of that policy. *Turner v. City of Taylor*, 412 F.3d 629, 639 (6th Cir. 2005); *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003); *Doe*, 103 F.3d at 508–09.

### B. Application

Here, Plaintiff's complaint is devoid of any allegation that a policy or custom caused an injury. Accordingly, Plaintiff's Complaint, to the extent it makes an allegation against the City of Southfield, should be dismissed. The Magistrate did not err in determining that Plaintiff has failed to state a plausible claim for relief against the City of Southfield. [ECF No. 23, PageID.172].

### VIII.  Plaintiff's claims on behalf of others should be dismissed.

The claims asserted by Plaintiff on behalf of others should be dismissed. Claims asserted in a § 1983 action are personal to the injured party. *Shepard v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2003). An individual proceeding *pro se* may not appear on behalf of another person, even their own minor children. *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998). Plaintiff states that he is seeking damages on behalf of himself, his son

(Ameer Grayson), and his son's mother (Assiyah Fateen). [ECF No. 21, Page.ID 137-39]. However, Plaintiff is proceeding *pro se*, without an attorney. [ECF No. 1, Page.ID 6]. Accordingly, any claims made on behalf Ameer Grayson, Assiyah Fateen, or anyone else other than Plaintiff should be dismissed. The magistrate did not err in determining that Plaintiff's complaint should be dismissed in its entirety. [ECF No. 13, PageID.172].

### RELIEF REQUESTED

**WHEREFORE**, Defendants ask that the Court overrule Plaintiff's objections, accept and adopt Magistrate Judge Grand's recommendation, and grant Defendants' Motion for Judgment on the Pleadings.

Respectfully submitted,

**SEWARD HENDERSON PLLC**

 /s/ David D. Burress
*Attorneys for Defendants*
210 East 3rd Street, Suite 212
Royal Oak, Michigan 48067
P: (248) 733-3580
F: (248) 733-3633
Dated:   December 3, 2020       E: dburress@sewardhenderson.com

21

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I electronically filed the foregoing and this Certificate of Service with the Clerk of the Court, using the Court's E-filing system, I also served the foregoing and this Certificate of Service upon Plaintiff at ameergrayson2@gmail.com and by mailing via the U.S. Postal Service  at 18992 Westbrook Detroit, MI 48037 on **December 3, 2020**.

/s/ David D. Burress

**SEWARD HENDERSON PLLC**
210 East 3rd Street, Suite 212
Royal Oak, Michigan 48067
P: (248) 733-3580
F: (248) 733-3633
E: dburress@sewardhenderson.com