2016 WL 759338
Only the Westlaw citation is currently available.
United States District Court,
E.D. Michigan, Southern Division.

Van Jenkins, Plaintiff,
v.
Livonia Police Department, City
of Livonia, et al. Defendants.

CASE NUMBER: 13-14489
|
Signed 02/26/2016

**ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT (Dkt. No. 90)**

Victoria A. Roberts, United States District Judge

**I. INTRODUCTION**

*1 Plaintiff Van Jenkins ("Jenkins") filed a *pro se* complaint seeking to recover damages and other relief for injuries arising out of an alleged assault that occurred during a traffic stop on May 13, 2013. The Wayne County Sheriff's Department, the State of Michigan, and Wayne County have already been dismissed.

Before the Court is a multi-faceted Motion to Dismiss, Motion for Judgment on the Pleadings, and, in the alternative, Motion for Summary Judgment (Dkt. #90) filed by the remaining defendants: the City of Livonia, the Livonia Police Department, and Officers Kristin Crawford and Katy Perkins. The Motion is fully briefed.

Defendants' Motion is **GRANTED** and judgment will enter in favor of Defendants. Jenkins' claims are **DISMISSED WITH PREJUDICE**. In addition, all claims against the "John Doe" Defendants are **DISMISSED WITH PREJUDICE**.

**II. BACKGROUND**

Jenkins says that the events surrounding an alleged illegal traffic stop on May 13, 2013 constitute actionable claims, resulting in a variety of injuries. Jenkins alleges that Officer Crawford handcuffed him too tightly causing a flare-up of his Spina Bifida and hypertension disabilities. Jenkins also claims he was denied hospitalization. Further, Jenkins asserts that during or shortly after the arrest several of his possessions were confiscated, and that at some point during his detention officers took money from him. Jenkins states that as a result of these events he suffered a variety of harms: (1) personal injury; (2) eviction from his home; (3) repossession of his automobile; (4) inability to pay a loan on time; and (5) deprivation of his right to travel with a Michigan driver's license.

Jenkins says his damages arise from violations of the United States Constitution and several statutes. The Amended Complaint does not list allegations by count, leaving the Court and Defendants to speculate about Jenkins' particular legal claims. The Court perceives claims as being made pursuant to five statutes: (1) 18 U.S.C. § 241; (2) 18 U.S.C. § 242; (3) 42 U.S.C. § 1983; and (4) 42 U.S.C. § 1988; and (5) the Americans with Disabilities Act of 1990, codified at 42 U.S.C. § 12101 *et seq.*

**III. STANDARDS OF REVIEW**

Defendants seek dismissal of the suit, judgment on the pleadings and summary judgment, which the Court evaluates under Federal Rules of Civil Procedure 12(b)(6), 12(c) and 56 respectively.

These rules will be qualified to the extent necessary in light of Jenkins' status as a *pro se* litigant; when reviewing *pro se* complaints, the Court must employ a less stringent standard than if the complaint had been drafted by counsel. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). But "leniency granted to *pro se* petitioners...is not boundless." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). Further, courts are not required to conjure unstated allegations or guess the plaintiff's claims. *Wells v. Brown et al.*, 891 F.2d 591, 594 (6th Cir. 1989) (citations omitted); even *pro se* litigants must meet minimal standards. *Id.*

**A. Motion to Dismiss and for Judgment on the Pleadings**

*2 Federal Rule of Civil Procedure 12(c) provides that, "after the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). In general, a motion for judgment on the pleadings under Rule 12(c) is reviewed under the same standard as a motion to dismiss under Rule 12(b)(6). *Sensations, Inc. v. City of Grand Rapids*, 526 F.3d, 291, 295-96 (6th Cir. 2008).

Exhibit 1- Jenkins v. Livonia Police Dep't 0001

The standards differ, however, in one key respect: a motion for judgment on the pleadings may not be made until after the pleadings (complaint, answer, and reply if ordered) are closed, while a motion to dismiss under Rule 12(b)(6) must be made before the answer is filed. No reply was filed and the Court did not order one, so the pleadings were "closed" when Defendants filed their Answer on November 24, 2014. Defendants filed this Motion on May 8, 2015. Since the Motion was filed after the Answer, the Court evaluates this Motion under Rule 12(c) only and not Rule 12(b)(6). *See, e.g.*, *McGlone v. Bell*, 681 F.3d 718, 728 n.2 (6th Cir. 2012) ("Defendants filed an untimely motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), as it was filed after Defendants' Answer. The district court, using its discretion to address substance over form, treated Defendants' motion to dismiss as a 12(c) motion for judgment on the pleadings.")

Judgment may be granted under Rule 12(c) where the movants clearly establish that no material issue of fact remains to be resolved and that they are entitled to judgment as a matter of law. *Beal v. Missouri Pacific R.R.*, 312 U.S. 45, 61 S. Ct. 418, 85 L. Ed. 577 (1941); *Drew v. Kemp-Brooks*, 802 F. Supp. 2d 889, 892 (E.D. Mich. 2011); 5C C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1368, p. 518. "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *Poplar Creek Dev. Co. v. Chesapeake Appalachia, L.L.C.*, 636 F.3d 235, 240 (6th Cir. 2011) (citation omitted).

To withstand a Rule 12(c) motion for judgment on the pleadings, 'a complaint must contain direct or inferential allegations respecting all the material elements under some viable legal theory.' *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007). The '[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true.' *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1970, 167 L. Ed. 2d 929 (2007)).

'[W]hen a complaint adequately states a claim, it may not be dismissed based on a district court's assessment that the plaintiff will fail to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder.' *Twombly*, 550 U.S. at 563 n.8. The function of the Court in ruling on such a motion is not to weigh the evidence, nor to appraise the credibility of witnesses. *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995). Rather, the Court simply determines 'whether a complaint states a plausible claim for relief.' *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009).

### B. Summary Judgment

**\*3** Under Federal Rule of Civil Procedure 56, summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A genuine issue of material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.' *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S. Ct. 2505, 2507, 91 L. Ed. 2d 202 (1986). The essential inquiry is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.' *Id.* at 251-52, 106 S. Ct. at 2512.

The movant has the initial burden to demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986). The burden then shifts to the nonmovant, who "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256, 106 S. Ct. at 2514 (discussing FED. R. CIV. P. 56(e)). "The court must view the evidence in the light most favorable to the non-moving party, drawing all reasonable inferences in that party's favor." *Sagan*, 342 F.3d at 497 (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986)).

Both parties must support their assertions "that a fact cannot be or is genuinely disputed" by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." FED. R. CIV. P. 56(c)(1)(A). Alternatively, either party may carry its burden by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." *Id.* 56(c)(1)(B).

It is not enough for the nonmovant to "simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586, 106 S. Ct. at 1356, 89 L. Ed. 2d

538 (1986). Rather, the nonmovant must sufficiently allege a fact that, if proven, "would have [the] effect of establishing or refuting one of essential elements of a cause of action or defense asserted by the parties." *Midwest Media Prop., L.L.C. v. Symmes Twp., Ohio*, 503 F.3d 456, 469 (6th Cir. 2007) (alteration in original) (quoting *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984)) (internal quotation marks omitted). If the nonmoving party does not respond with specific facts showing a genuine issue for trial, summary judgment is appropriate. *Emmons v. McLaughlin*, 874 F.2d 351, 353 (6th Cir. 1989).

## IV. DISCUSSION

### A. Livonia Police Department

Police departments are not separate entities and cannot be sued in tort actions. *Thiel v. Sterling Heights*, No. 09-12399, 2010 WL 3170510, at *2 (E.D. Mich. Aug. 10, 2010); *McPherson v. Fitzpatrick*, 63 Mich. App. 461, 463-464, 234 N.W.2d 566 (Mich. Ct. App.1975). Nor may police departments be sued under § 1983. *Boykin v. Van Buren Twp.*, 479 F.3d 444, 450 (6th Cir. 2007) (Police Department was improperly included as a separate defendant in § 1983 suit); *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991). Accordingly, Defendant Livonia Police Department is **DISMISSED**; it is not a separate legal entity that can be sued. Any claims against the Livonia Police Department will be construed as claims against the City of Livonia.

### B. 18 U.S.C. §§ 241, 242

 *4 18 U.S.C. Section 241 provides for criminal penalties for conspiracies against civil rights. Section 242 provides for criminal penalties for deprivations of civil rights under color of law. Both of these sections are part of the criminal code and civil relief is not afforded by them. *Willing v. Lake Orion Cmty. Sch. Bd. of Trustees*, 924 F. Supp. 815, 818 (E.D. Mich. 1996) ("the law is clear that § 241 does not provide a basis for a civil liability."); *Watson v. Devlin*, 167 F. Supp. 638, 640 (E.D. Mich. 1958). Accordingly, Jenkins' claims under 18 U.S.C. §§ 241 and 242 are **DISMISSED**.

### C. 42 U.S.C. § 1983

#### 1. City of Livonia

Jenkins' remaining claims against the City of Livonia are brought pursuant to 42 U.S.C. § 1983. Section 1983 does not impose vicarious liability on a municipality for the constitutional torts of its employees, *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 692, 98 S. Ct. 2018, 2036, 56 L. Ed. 2d 611 (1978); instead, Jenkins must show some wrongdoing on the part of the municipality itself in order to prevail. *Games Galore of Ohio, Inc. v. Masminster*, 154 F. Supp. 2d 1292, 1300 (S.D. Ohio 2001). Under the *Monell* precedent, the City cannot be found liable unless Jenkins can establish that an officially executed policy, or the toleration of a custom within the City leads to, causes, or results in the deprivation of a constitutionally protected right. *Doe v. Claiborne Cnty., Tenn. By & Through Claiborne Cnty. Bd. of Educ.*, 103 F.3d 495, 507 (6th Cir. 1996) (citing *Monell*, 436 U.S. at 690–91, 98 S. Ct. at 2035–36). This requires Jenkins to "show that the particular injury was incurred because of the execution of that policy." *Doe*, 103 F.3d at 508 (quoting *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (citation omitted), cert. denied, 510 U.S. 1177, 114 S. Ct. 1219, 127 L. Ed. 2d 565 (1994)); *Waters v. City of Morristown*, 242 F.3d 353, 362 (6th Cir. 2001).

Jenkins alleges that the City of Livonia has several customs and/or practices of deliberate indifference which allowed for the conduct that resulted in the alleged violation of his constitutional rights. These are: (1) inadequate and improper investigation of a disabled citizen's complaints of police misconduct; in short, toleration of acts of misconduct; (2) inadequate supervision and training of Livonia police officers, constituting a systematic failure to adequately discourage further constitutional violations; and (3) failure to require appropriate in-service training or re-training of officers who were known to have engaged in police misconduct. Response, Dkt. No. 104 at 4-5.

'The inadequacy of police training only serves as a basis for § 1983 liability 'where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact.' ' *Miller v. Sanilac Cty.*, 606 F.3d 240, 255 (6th Cir. 2010) (quoting *Slusher v. Carson*, 540 F.3d 449, 457 (6th Cir. 2008) and *City of Canton v. Harris*, 489 U.S. 378, 388, 109 S. Ct. 1197, 103 L. Ed. 2d 412 (1989)). In order to establish deliberate indifference, the plaintiff 'must show prior instances of unconstitutional conduct demonstrating that the [city] has ignored a history of abuse and was clearly on notice that the training in this particular area was deficient and likely to cause injury.' *Fisher v. Harden*, 398 F.3d 837, 849 (6th Cir. 2005).

**\*5** Neither Jenkins' Amended Complaint nor his Response to Defendants' Motion shows prior instances of unconstitutional conduct. Indeed, neither document lists any prior interactions between Jenkins and the City of Livonia. Neither document lists prior complaints lodged or judgments entered against the City of Livonia. Thus, while the allegations pass the plausibility standard of Rules 8 and 12 of the Federal Rules of Civil Procedure, there is insufficient factual support for Jenkins' to satisfy his burden at the summary judgment stage to show prior instances of conduct. His Section 1983 claims against the City of Livonia are **DISMISSED**.

**2. Individual Defendants**

Jenkins claims that Crawford and Perkins are liable under 42 U.S.C. § 1983 for violations of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.*; illegal arrest, illegal search, and excessive force in violation of the Fourth Amendment; and deliberate indifference to serious medical needs in violation of the Eighth Amendment. These claims present no plausible basis for relief and are **DISMISSED**.

**a. Illegal Seizure and Illegal Search**

Jenkins broadly alleges that he was improperly arrested during a traffic stop in violation of the Fourth Amendment. Amended Complaint ¶¶ 13-16, 20, 24, 27, 28, 29. He alleges that there was an illegal search in violation of his Fourth Amendment rights because no warrant was issued and because this was not a proper search incident to a lawful seizure. Amended Complaint ¶¶ 20, 27, 28, 29.

Defendants dispute that there was an illegal search and seizure. Additionally, they argue that this claim is barred by Heck v. Humphrey, 512 U.S. 477 (1994).

In *Heck*, the United States Supreme Court addressed the relationship between a state court judgment and a federal § 1983 action. The Court found that when the basis of a petitioner's claim for monetary damages under § 1983 would necessarily demonstrate the invalidity of the conviction, the claimant can be said to be attacking the fact or length of confinement. To maintain that kind of action, the Court held that "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id.* at 486-87. The district court must decide if a judgment in favor of the plaintiff will necessarily imply the invalidity of the conviction or sentence. *Id.* at 487.

Jenkins pled guilty in the Michigan Third Judicial Circuit Court to possession of burglary tools and possession of a financial transaction device without the consent of the deviceholder. He appealed to the Michigan Court of Appeals and the Michigan Supreme Court, which declined to hear his appeal. Accordingly, Jenkins has a final judgment against him and he is precluded from collaterally attacking that judgment via a § 1983 claim, unless the attack would not necessarily invalidate the sentence.

This Court finds that a judgment in favor of Jenkins on his Fourth Amendment claims would necessarily imply the invalidity of his Michigan state law convictions. Jenkins alleges that Defendants committed an illegal arrest because they lacked the requisite basis to stop his vehicle. He also claims they had no reason to detain him; his identification and driver's permits were valid and Jenkins says no violation of Michigan law occurred. But, the officers' reports assert that the initial stop and subsequent arrest were predicated on their observations of Jenkins' driving and insufficient documentation during the stop. They say the search was incident to a lawful detention and arrest. If the arrest is found to be improper, it would call into question any evidence seized incident to that arrest without a warrant. Without the evidence from the search, Jenkins could not have been charged and probably would not have pled guilty. Thus, success on Jenkins' unlawful search claim would undermine the validity of his criminal conviction. Accordingly, Jenkins' claim is barred under *Heck* unless and until he obtains a favorable termination on his previous conviction. *See Heck,* 512 U.S. at 486-87.

**b. Excessive Force**

**\*6** Jenkins alleges that his Fourth Amendment rights were violated when Defendant officers exerted excessive force by handcuffing him too tightly during his arrest. Amended Complaint ¶ 17. An excessive force inquiry turns on "whether the officers' actions are objectively reasonable in light of the facts and circumstances confronting them." *Graham v. Connor*, 490 U.S. 386, 397, 109 S. Ct. 1865, 104 L. Ed. 2d

443 (1989) (internal quotation marks omitted). To survive summary judgment on an excessive force claim based on handcuffing, a plaintiff must demonstrate a genuine issue of material fact that: "(1) he or she complained that the handcuffs were too tight; (2) the officer ignored those complaints; and (3) the plaintiff experienced 'some physical injury' resulting from the handcuffing." *Stricker v. Twp. of Cambridge*, 710 F.3d 350, 364 (6th Cir. 2013) (quoting *Miller v. Sanilac Cnty.*, 606 F.3d 240, 252 (6th Cir. 2010)).

Defendants note Jenkins' testimony that he complained that the handcuffs were too tight when he was placed in the police car, although Defendants dispute that this complaint was made. The Court does not weigh credibility at the Rule 56 stage; Jenkins demonstrates that a genuine issue exists for the first element.

However, Jenkins' Amended Complaint and Response do not provide factual support for the second and third elements of the claim. While the Court is sensitive to the limitations of *pro se* litigants, it will not conjure new arguments not made by the party nor search the record for factual support to bolster underdeveloped claims. Jenkins has not provided evidence that officers ignored his complaints and that he suffered physical injury. Since there are insufficient issues of material fact on this excessive force claim; Jenkins cannot survive summary judgment and that claim is **DISMISSED**.

### c. Deliberate Indifference to Serious Medical Needs

Jenkins alleges that Defendants exhibited deliberate indifference to his serious medical need by failing to provide hospitalization for a pre-existing diagnosed medical disability. Amended Complaint Cover Page. In particular, Jenkins alleges that he was refused medical help or hospitalization for his injuries, which consist of pain and the flare up of his Spina Bifida disability and hypertension. Amended Complaint ¶¶ 17, 18. Defendants construe Jenkins' claims as a violation of the Eighth Amendment's prohibition against cruel and unusual punishment, applied to the states under the Fourteenth Amendment.

To sufficiently plead such a claim, the plaintiff must demonstrate 'acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.' *Bowman v. Corr. Corp. of Am.*, 350 F.3d 537, 544 (6th Cir. 2003) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). This standard contains both an objective component – whether the deprivation was sufficiently serious – and a subjective component – whether the defendant official acted with a sufficiently culpable state of mind. *Id.* (citing *Farmer v. Brennan*, 511 U.S. 825, 838-39 (1994)).

The Sixth Circuit has variations on when the objective component is satisfied, but several decisions apply forms of the obviousness test which, is satisfied when the plaintiff establishes that the medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *See, e.g.*, *Blackmore v. Kalamazoo Cty.*, 390 F.3d 890, 897 (6th Cir. 2004).

The subjective component is satisfied when the plaintiff demonstrates that 'the official knows of and disregards an excessive risk to inmate health or safety,' which requires the official to know of the facts upon which an inference about the existence of a substantial risk of serious harm could be made and to actually make that inference. *Clark-Murphy v. Foreback*, 439 F.3d 280, 286 (6th Cir. 2006) (citing *Farmer*, 511, U.S. at 837).

**\*7** Defendants say that Jenkins fails to allege that the medical need is a serious medical need and that Defendants acted with the requisite subjective mental state. They seek summary judgment in the event the Court determines Jenkins adequately pleaded those elements. The Court agrees that these claims may not proceed.

Jenkins' pleadings are arguably sufficient to allege a medical need because they use the words "diagnosed by a doctor." But, Jenkins fails to assert anything about the officers' subjective knowledge of his injuries, the seriousness of the injuries, and a conscious decision by Defendants to disregard treatment for a known serious medical need. As a result, Jenkins failed to meet his burden to state a claim under Rule 12(c). Jenkins' claims of deliberate indifference to a serious medical need in violation of the Eighth Amendment are **DISMISSED**.

### d. Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*

Jenkins lists the ADA on paragraph 9 of his Amended Complaint and on the Civil Cover Sheet which accompanies his complaint. He also attaches a copy of his completed "Title II of the Americans with Disabilities Act Complaint Form." That form does not provide the factual basis for his

complaint. Jenkins makes no other references to the statute in the Amended Complaint or in his Response. While ADA claims may be brought outside of § 1983, Jenkins lists the ADA violation in conjunction with a reference to § 1983. Regardless, the Court cannot ascertain the contours of – let alone evaluate the viability of – any claims Jenkins brings under the ADA and those claims are **DISMISSED**.

### e. Other Claims

Jenkins asserts that he was deprived of his right to travel when Livonia Police Officer Crawford confiscated his international driver's permit and Michigan driver's license and stated that the two documents were invalid. Amended Complaint ¶ 20. The complaint fails to provide the legal basis of this right, its source, or its elements.

Jenkins also alleges money was wrongfully confiscated or recorded. Amended Complaint ¶ 25. It is unclear what civil cause of action is implicated, when during his transfer this allegedly occurred, and which officers or agency were responsible.

These claims are fatally flawed and are **DISMISSED**.

### D. 42 U.S.C. § 1988

Jenkins claims entitlement to relief under 42 U.S.C. § 1988. That statute does not create a cause of action, but instead enables a district court to award a "reasonable attorney's fee" to a "prevailing party" in a federal civil rights action. 42 U.S.C. § 1988. A prevailing party is "one who has been awarded some relief by the court"—say, by entry of a consent decree or judgment in the party's favor. *United States v. Tennessee*, 780 F.3d 332, 336 (6th Cir. 2015) (citations omitted). Jenkins has not prevailed and is not entitled to recover attorney's fees under § 1988. This claim is **DISMISSED**.

### E. "John Doe" Defendants

Jenkins sues unnamed police officers as Defendants in his Second Amended Complaint; and he still fails to specifically identify them. Nor have they been served pursuant to Fed. R. Civ. P. 4(m), although more than 120 days have elapsed since the filing of the Amended Complaint. An action cannot be maintained solely against Doe defendants; therefore, these 'John Doe' Defendants must be dismissed. *See Petty v. County of Franklin, Ohio*, 478 F.3d 341, 345 (6th Cir. 2007); *Sanders v. Michigan Dep't of Corr.*, No. 11-12563, 2014 WL 2993751, at *3 (E.D. Mich. Mar. 31, 2014); *Hindes v. F.D.I.C.*, 137 F.3d 148, 155-56 (3d Cir. 1998). Moreover, Jenkins fails to connect these Doe Defendants to particular alleged violations.

*8 The Court has broad inherent authority to manage its docket and craft appropriate orders, responses, and order sanctions for impermissible litigation practices. *First Bank v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 515 (6th Cir. 2002). Pursuant to that authority and Rule 4(m), all claims against the Doe Defendants are **DISMISSED**.

### V. CONCLUSION

Defendants' Motion to Dismiss pursuant to Rule 12(b)(6), 12(c), or in the Alternative, Rule 56 is **GRANTED**. All claims against the City of Livonia, the Livonia Police Department, Kristin Crawford and Katy Perkins are **DISMISSED WITH PREJUDICE**, including those concerning: (1) 18 U.S.C. § 241; (2) 18 U.S.C. § 242; (3) 42 U.S.C. § 1983; (4) 42 U.S.C. § 1988; and (5) the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq*. Any claims against the "John Doe" Defendants are **DISMISSED WITH PREJUDICE**. Judgment will enter in favor of Defendants.

**IT IS ORDERED.**

**All Citations**

Not Reported in F.Supp.3d, 2016 WL 759338

**End of Document**

© 2020 Thomson Reuters. No claim to original U.S. Government Works.

WESTLAW © 2020 Thomson Reuters. No claim to original U.S. Government Works. 6

Exhibit 1- Jenkins v. Livonia Police Dep't 0006