KeyCite Yellow Flag - Negative Treatment

Distinguished by Kerns v. Caterpillar Inc., M.D.Tenn., April 27, 2011

2005 WL 3271810
Only the Westlaw citation is currently available.
United States District Court,
E.D. Michigan,
Northern Division.

Nancy WHITTUM, Craig Mason, Amanda Shinaver, Sylvia Braddock, Tenisha Johnson, John Doe, detainees and prisoners of Saginaw County jail, and Jane Doe, detainees and prisoners of Saginaw County jail, Plaintiffs,
v.
SAGINAW COUNTY, Charles Brown, Sheriff, John Doe, and Jane Doe, Defendants.

No. 02-10313-BC.
|
Nov. 22, 2005.

**Attorneys and Law Firms**

James I. Degrazia, James E. Tamm, Richard V. Stokan, Jr., O'Connor, Degrazia, Bloomfield Hills, MI, for Defendants.

Christopher J. Pianto, Loyst Fletcher, Jr., Fletcher, Wolf, Flint, MI, Karen V. Truszkowski, Flint, MI, Michael L. Pitt, Peggy G. Pitt, Pitt, Dowty, Royal Oak, MI.

***ORDER SUSTAINING IN PART AND OVERRULING IN PART DEFENDANTS' OBJECTIONS TO MAGISTRATE JUDGE'S DISCOVERY ORDER, DENYING PLAINTIFFS' MOTION TO FILE ADDITIONAL RESPONSE TO DEFENDANTS' OBJECTIONS, DENYING PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF PRISONER RECORDS, DENYING PLAINTIFFS' MOTION TO AMEND COMPLAINT, GRANTING PLAINTIFFS' MOTION TO ADD DAMAGE EXPERT, DENYING DEFENDANTS' MOTION TO AMEND AFFIRMATIVE DEFENSES, AND SETTING SCHEDULING CONFERENCE***

DAVID M. LAWSON, District Judge.

*1 This case is one of three lawsuits filed by plaintiffs' counsel on behalf of individuals who challenge as unconstitutional various aspects of the policies and practices of Saginaw County and its jail officials relating to the removal of clothing from jail inmates. The present lawsuit focuses on an allegation that the defendants conducted an unlawful disrobing procedure by forcing the inmates to change from their personal clothing to jail garb while awaiting arraignment, or strip searching inmates in violation of Michigan's strip search statute. Several discovery motions remain pending before the Court following adjudication by the magistrate judge and the ensuing objections, and procedural motions have been filed, including the plaintiffs' motions to amend the complaint to add parties and the defendants' motion to amend their affirmative defenses to claim the failure to exhaust administrative remedies and other requirements of the Prisoner Litigation Reform Act (PLRA). 42 U.S.C. § 1997e(a), (e). The Court resolves those motions as follows:

I. Background

The action was commenced on December 17, 2002 as a putative class action. Following a scheduling conference, the Court issued a pretrial scheduling order dated May 21, 2003, which set the deadline for submitting witness lists for June 10, 2003, completing discovery by July 21, 2003, and filing a motion for class certification for July 28, 2003. The plaintiffs filed a motion requesting an extension of class action discovery dated July 3, 2003, but without a decision on the motion for extension, the plaintiffs filed a motion to certify the matter as a class action under Federal Rule of Civil Procedure 23 as required by the scheduling order. On February 3, 2004, the Court issued an order denying the discovery extension because the parties "notified the Court that they ha[d] resolved the matter." Subsequent to the hearing on the motion to certify the class and prior to the order denying class certification, the Court allowed the parties to file supplemental depositions as exhibits based on a stipulation of the parties. On April 2, 2004, the Court denied the plaintiffs' motion to certify class because the plaintiffs' claims were not typical and the plaintiffs' were not proper representatives for the proposed subclasses.

The plaintiffs then filed a number of motions including: (1) Plaintiffs' Motion to Compel Discovery [dkt # 79];

(2) Plaintiffs' Motion to Allow Response to Defendants' Objections [dkt # 88]; (3) Plaintiffs' Motion to Compel Production of Officer Records [dkt # 89]; (4) Plaintiffs' Motion for Order Allowing Plaintiffs to Add a Damage Expert [dkt # 91]; and (5) Plaintiffs' Motions to Amend Complaint to Join Parties [dkt93, 96]. The first discovery motion sought an order compelling the defendants to produce various internal policies and identify individuals subject to those policies in response to prior written discovery requests. The motion was referred to the magistrate judge, who entered an order granting the motion in part and denying it in part, to which the defendants objected. The other discovery motion seeks production of jail records of seven individuals who are not parties to this case, although the plaintiffs also have sought leave to amend the complaint to add at least one of them as a plaintiff. On July 25, 2005, the defendants filed their motion to amend the affirmative defenses to raise issues under the PLRA.

II. Discovery motions

A. Objections to Magistrate Judge's Discovery Order

 *2 In its first motion to compel discovery [dkt # 79], the plaintiffs moved for an order for the defendants to produce (1 and 2) all complaints and lawsuits filed against any Saginaw County Officer assigned to serve at the Saginaw County Jail for the past ten years; (3) the disposition of the complaints and lawsuits filed against the officers; (4) documents describing training for strip searches, clothing changes, and intake procedures involving the removal of a detainees' clothing; (5) documents describing officer training for recognizing and responding to physical and mental disabilities in civilians; (6) "the names and addresses for each pretrial and/or pre-arraignment detainee who were required to change from personal clothing to Saginaw County Jail garb from January 17, 1999 to present;" and (7) the names and addresses of each current and former officer who assisted, required, ordered and carried out the order requiring a detainee to change from personal clothes to jail garb. Pls.' Mot. to Compel Ex. 1 at 17. The plaintiffs also sought a number of admissions concerning the number of male pretrial and pre-arraignment detainees required to change from personal clothing to jail garb from January 17, 1999 to present and an admission that the Saginaw County Jail does not allow male officers to perform strip searches of female prisoners returning to the jail from work release assignments.

In a subsequent request for production dated July 21, 2003, the plaintiffs sought the policies of the jail that relate to the work release program and all policies relating to prisoners sentenced to the jail from January 17, 1999 to present. In a third discovery request dated July 9, 2003, the plaintiffs requested the names and personal information of the defendants' agents who saw Whittum and Mason unclothed; the names and addresses of all witnesses who saw the events described in the complaint; a description of reports, still pictures, and motion pictures or videotapes of the occurrences described in the complaint; a description of all facts, details, circumstances and scenarios in which the defendants contend stripping and disrobing detainees is lawful; and the names of people consulted by defendants to answer the interrogatories. This same discovery request sought production of documents and admissions.

Finally, the plaintiffs requested discovery from the defendants on May 27, 2003 consisting of information covering the period of time between January 17, 1999 and the present that included the approximate number of female pretrial detainees required to change from personal clothing to prison garb, the approximate number of male prisoners of the jail who participated in work release, the names and addresses for each female detainee required to change from personal clothing to jail garb from January 17, 1999 until present, and the names and addresses of each male prisoner who participated in work release from January 17, 1999 to the present.

 *3 The magistrate judge ordered the defendant to produce information regarding inmates housed at the Saginaw County Jail from January 1, 1999 to present, including the inmate's name and last known address, the date the inmate entered confinement, the date the inmate ended confinement, and the charge made against the inmate. The magistrate judge also ordered the production of the internal policies and procedures for the administration of the Saginaw County Jail. The magistrate judge noted that the plaintiffs requested the discovery to develop issues pertaining to class certification, specifically to address issues raised by the order denying class certification. The magistrate judge ordered the production because the requested information could at least "lead to discoverable evidence on those issues." Magistrate Judges's Order to Compel at 2. The magistrate judge granted only a portion of the requested production based on the "invitation" of plaintiffs' counsel at the hearing. *Ibid*. The magistrate's order states:
Turning to the substance of the motion, Plaintiffs' oral argument emphasizes the continued need to further develop

discovery related to issues pertaining to class certification, and in particular, two matters raised by Judge Lawson in his April 2, 2004, opinion and order on Plaintiffs' motion to certify this case as a class action. Defendants' oral response at the hearing proposes an unduly narrow interpretation of the federal discovery rules. Counsel are reminded that those rules include the provision allowing discovery of evidence not only directly relevant to the issues raised but also that which may lead to discoverable evidence.

Viewing globally the requests made by Plaintiffs, I conclude that many of them are premature at this stage. However, Plaintiff counsel's oral argument narrowing the issues to matters relating to class certification, coupled with the invitation to further refine discovery requests, is entirely appropriate and should be accepted.

*Id.* at 1-2.

The defendants failed to file a written response to the plaintiffs' motion to compel discovery. However, they did appear at the hearing and voiced their opposition to the discovery requests. It appears that the magistrate judge's order took into account the arguments raised at the hearing by defense counsel.

Under the Federal Magistrates Act, magistrate judges may enter orders on non-dispositive matters. 28 U.S.C. § 636(b)(1)(A). This Court reviews an order by a magistrate judge on a non-dispositive matter to determine whether the decision is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* Fed.R.Civ.P. 72(a) (stating that upon receipt of timely objections, "[t]he district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law"); *United States v. Curtis,* 237 F.3d 598, 603 (6th Cir.2001). A decision is "clearly erroneous" when, "although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.,* 333 U.S. 364, 395 (1948). Where there are two plausible views, a decision cannot be "clearly erroneous." *Anderson v. City of Bessemer City,* 470 U.S. 564, 573 (1985).

*4 However, it is generally accepted that "[r]eview of a Magistrate's ruling ... does not permit consideration of issues not raised before the Magistrate.... A magistrate's decision should not be disturbed on the basis of arguments not presented to him." *Jesselson v. Outlet Assocs. of Williamsburg, Ltd. P'ship,* 784 F.Supp. 1223, 1228 (E.D.Va.1991); 14 James Wm. Moore *et al.,* Moore's Federal Practice § 72.11[1][a] (3d ed.1997). In *Jesselson,* the Court concisely states the reasoning underlying this rule:

This rule is based upon the same concept which prevents parties from arguing in the appellate courts issues and arguments not raised below. *Borden* [*v. Sec'y Health and Human Servs.*], 836 F.2d [4, 6 (1st Cir.1987) ]. Moreover, the purpose of the Magistrates Act is to allow magistrates to assume some of the burden imposed on the district courts and to relieve courts of unnecessary work. *Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603, 605 (1st Cir.1980); *Chamblee v. Schweiker,* 518 F.Supp. 519, 520 (N.D.Ga.1981). Allowing Plaintiffs to present their case to the Magistrate, and then, because they were unsuccessful, present new issues and arguments to this Court frustrates this purpose. The Magistrates Act was not intended to "give litigants an opportunity to run one version of their case past the magistrate, then another past the district court." *Greenhow v. Secretary of Health and Human Servs.,* 863 F.2d 633, 638 (9th Cir.1988). Plaintiffs have not raised any claim of exceptional circumstances to justify or excuse their failure to make these new arguments before the magistrate.

*Jesselson,* 784 F.Supp. at 1228-29; *see Lithuanian Commerce Corp., Ltd. v. Sara Lee Hosiery,* 177 F.R.D. 205, 210 (D.N.J.1997); *Mitchell v. Consol. Freightways Corp. of Del.,* 747 F.Supp. 1446, 1447 (M.D.Fla.1990).

The defendants object to the order to produce inmate information because it is too costly. They object to producing jail policies, arguing that disclosure of some polices would compromise security, the plaintiffs already possess the relevant policies, plaintiffs have deposed jail personnel concerning the policies, and other policies are irrelevant as unrelated to searches or any other issue involved in this case. The defendants also claim that the discovery duplicates information already produced.

None of these arguments were presented to the magistrate judge, and they will not be entertained by the Court as a basis to overturn the magistrate judge's order. *See* Defs.' Obj. at 7 (stating that "Admittedly, Magistrate Judge Binder was likely unaware of the complexity of compiling the information at the time he issued his opinion," and "the Order to produce a complete copy of the internal policies ... was made without a complete understanding of the nature of the request and material being requested"). The defendants had not filed a

response to the motion, objected to the discovery requests at the time of the hearing, or filed a motion for a protective order. Thus, the defendants arguments concerning the burden and security risk of production should not be considered as reasons to limit discovery. Fed. R. Civ. Pro. 37; see Jesselson, 784 F.Supp. at 1228.

**\*5** However, this Court is obliged to apply the procedural rules governing civil actions so as "to secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. Pro. 1. It is well established in the Sixth Circuit that "the scope of discovery is within the sound discretion of the trial court." Lavado v. Keohane, 992 F.2d 601, 604 (6th Cir.1993). This Court may limit discovery if "the discovery sought is unreasonably cumulative or duplicative [or] ... the burden or expense of the proposed discovery outweighs its likely benefit." Fed.R.Civ.P. 26(b)(2). In balancing the burdens and benefits of discovery, the Court necessarily must assess the contested issues that remain in the action.

Much of the discovery sought by the plaintiffs is directed at learning the names of people who may have been subjected to the defendants' policies. That information may have been pertinent to the motion for class certification, but that motion was heard and denied. Contrary to the desires of plaintiffs' counsel, the present matter is not proceeding as a class action, and the Court cannot discern another basis for allowing the discovery of the names of others who were confined in the work release program or subjected to a strip search. Although a different lawsuit with different plaintiffs and a different class definition may meet with different results, further discovery in *this* case relating to class certification is not appropriate.

The Court, therefore, will vacate in part the magistrate judge's order to the extent that it requires the production of information about inmates that are not named as plaintiffs in this case. The Court will overrule the defendants' objections to the ordered production of jail policies. The Court also will deny the plaintiffs' motion to allow a further response to the defendants' objections.

B. Motion to Discover Prisoners' Records

In their motion to compel production of prisoner records [dkt # 89], the plaintiffs request an order for the defendants to produce jail records of Sherri Bill, Matthew Trumble, Christopher Brabant, Jack Leiner, Jr., Brenda Lamothe, James Hahn, and Willis Riggins. None of these seven individuals is a party to this case. It appears that this discovery relates to an effort to certify this action as a class action. Because the plaintiffs' motion for class certification was denied, the information is not presently relevant. Therefore, the Court will deny that motion.

III. Motion to Amend Complaint

In the motions to amend the complaint [dkt93, 96], the plaintiffs ask permission to add another plaintiff, James Hahn. The plaintiffs candidly admit that this motion is brought in anticipation of a renewed motion for class certification, and suggest that Mr. Hahn may be an appropriate representative of a soon-to-be-defined class, which would address the defects in the previous proposed class definition that led to the denial of the motion to certify the matter as a class action. The plaintiffs argue that an order entered under Rule 23(C)(1) "may be altered or amended before final judgment." Fed.R.Civ.P. 23(c)(1)(C).

**\*6** Although it has been held that a district court's order on a class certification motion is "inherently tentative," Coopers & Lybrand v. Livesay, 437 U.S. 463, 469 n. 11 (1978), the malleability of such orders usually refers to the generally accepted proposition that "[e]ven after a certification order is entered, the judge remains free to modify it in light of subsequent developments in the litigation." Gen. Tel. Co. of the Southwest v. Falcon, 457 U.S. 147, 160 (1982). The Court therefore may narrow, broaden, or even de-certify a class. The plaintiffs' motion to amend, however, amounts to a proposal to add a new potential class representative and take another run at class certification.

Motions to amend are governed by Federal Rule Civil Procedure 15(a), which states that a party may amend its pleadings at this stage of the proceedings only after obtaining leave of court. Although the Rule provides that "leave of court shall be freely granted when justice so requires," leave may be denied on the basis of undue delay, bad faith by the moving party, repeated failure to cure defects by previously-allowed amendments, futility of the proposed new claim, or undue prejudice to the opposite party. Forman v. Davis, 371 U.S. 178, 182 (1962); Duggins v. Steak 'N Shake, Inc., 195 F.3d 828, 834 (6th Cir.1999); Fisher v. Roberts, 125 F.3d 974, 977 (6th Cir.1997).

In this case, the sole basis for the amendment is to reposition the arguments on class certification. The defendants argue

that the plaintiffs fail to demonstrate a good reason for amending the complaint to include Hahn. They aptly note that Hahn can file his own complaint against the defendants, and the plaintiffs fail to provide justification for waiting to file the instant motion nine months after the Court denied class certification, which occurred in April 2004. They argue that the addition of Hahn would prejudice them because they have completed their liability discovery and the discovery period has closed. The defendants also contend that the statute of limitations will likely bar Hahn's claims. Finally, the defendants contend that the plaintiffs' motion lacks foundation because the evidence submitted in support of the motion to demonstrate the merits of the claims was available to the plaintiffs before filing of the motion for class certification. The officers quoted in the motion to add parties were deposed on January 20, 2004.

There is no absolute prohibition to renewing a motion for class certification. See *Mallory v. Eyrich,* 922 F.2d 1273, 1282 (6th Cir.1991). However, in this case, the class certification motion was denied on April 2, 2004, no motion for rehearing or reconsideration was filed within the time permitted, *see* E.D. Mich. LR 7.1(g), another case is pending before the Court that challenges Saginaw County Jail practices in which the class certification issue has not yet been broached, and the new putative plaintiff can file his separate action if he chooses. The Court will deny the request, therefore, because of undue delay and prejudice to the defendants that would result from reopening the issues that have been raised and decided already.

IV. Motion to Add Damages Expert

*7 The plaintiffs' motion to add a damage expert to its list of witnesses requires an amendment to the Case Management and Scheduling Order. The Court initially entered a scheduling order following the initial conference held pursuant to Federal Rule of Civil Procedure 16. However, the deadlines established at the conference focused almost entirely on the class certification issue. There were no dates set for disclosure of expert reports under Rule 26(a)(2), final pretrial date, or trial. The Court believes that the defendants' liability discovery would not be jeopardized by allowing the addition of expert witnesses relating to the plaintiffs' damages.

The Court will grant the motion to add the expert witness and schedule a status conference to establish dates for identification and disclosure and address the remaining calendar deadlines.

V. Defendants' Motion to Amend Affirmative Defenses

The defendants likewise seek to amend their pleadings to claim that the plaintiffs were required to exhaust their administrative remedies under the Prisoner Litigation Reform Act prior to filing suit, *see* 42 U.S.C. § 1997e(a). As noted above, Rule 15 prescribes a liberal amendment policy, but leave to amend may be denied on the basis of the futility of the proposed new defense. *Forman v. Davis,* 371 U.S. 178, 182 (1962); *Duggins v. Steak 'N Shake, Inc.,* 195 F.3d 828, 834 (6th Cir.1999); *Fisher v. Roberts,* 125 F.3d 974, 977 (6th Cir.1997).

These defendants-represented by the same counsel-recently raised the same argument in another case dealing with jail policies, in which the plaintiffs were represent by the same attorneys who have appeared here. *See Rose v. Saginaw County,* 2005 WL 3105328 (E.D.Mich., Nov. 21, 2005). In that case, this Court noted that the pertinent section of the statute reads:

No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). The Court held that "[t]he statute has a temporal element in its language: it is directed to lawsuits by prisoners who are presently confined, not those who were confined at the time the cause of action arose or any other time." *Rose,* 2005 WL 3105328 at *9. Although the Sixth Circuit has not ruled on this issue, after considering the authority in other circuits this Court stated: "This Court is convinced that the plain language of section 1997e(a) compels the conclusion that its requirements apply to prisoners who are confined when they file their lawsuits, and not to former inmates who bring actions after their release from custody ." *Id.* at *11.

There is no evidence that the plaintiffs in this case were confined in the Saginaw County Jail at the time they filed their lawsuits, nor do the defendants suggest that was the case. Therefore, for the reasons set forth in *Rose,* the Court concludes that the defendants' motion to amend their affirmative defenses should be denied because the PLRA

does not apply to the present plaintiffs and the proposed amendment would be futile.

VI.

***8** The Court finds that this matter should proceed in its present form in which no class action has been certified, and the discovery and procedural motions are decided accordingly. The defendants' motion to amend its affirmative defenses should be denied on the basis of futility.

Accordingly, it is **ORDERED** that the defendants' objections to the magistrate judge's order granting in part the plaintiffs' motion to compel discovery [dkt # 79] are **OVERRULED IN PART AND SUSTAINED IN PART.** The magistrate judge's discovery order [dkt # 84] is **MODIFIED.** The defendants shall produce all written policies described therein.

It is further **ORDERED** that the plaintiffs' motion to allow response to the defendants' objections [dkt # 88] is **DENIED.**

It is further **ORDERED** that the plaintiffs' motion to compel production of officer records [dkt # 89] is **DENIED.**

It is further **ORDERED** that the plaintiffs' motions to amend the complaint [dkt 93, 96] is **DENIED.**

It is further **ORDERED** that the plaintiffs' motion to add a damages expert [dkt # 91] is **GRANTED.**

It is further **ORDERED** that the defendants' motion to amend affirmative defenses [dkt # 106] is **DENIED.**

It is further **ORDERED** that the attorneys for the parties shall appear for a status conference on **December 15, 2005 at 2 p.m .** to discuss a schedule for resolution of the claims that remain.

**All Citations**

Not Reported in F.Supp.2d, 2005 WL 3271810

**End of Document**                © 2020 Thomson Reuters. No claim to original U.S. Government Works.

WESTLAW   © 2020 Thomson Reuters. No claim to original U.S. Government Works.        6

Exhibit 2 - Whittum v. Saginaw County 0006