2012 WL 2601388
Only the Westlaw citation is currently available.
United States District Court,
E.D. Michigan,
Southern Division.

Teddy LAWRENCE, Plaintiff,

v.

CITY OF WARREN, et al., Defendants.

No. 11–cv–13114.
|
July 5, 2012.

**Attorneys and Law Firms**

Teddy Lawrence, Warren, MI, pro se.

Annette Gattari–Ross, Warren, MI, for Defendants.

***ORDER OVERRULING OBJECTIONS** (docket no. 20), **ADOPTING REPORT AND RECOMMENDATION** (docket no. 19), **AND GRANTING MOTION TO DISMISS** (docket no. 10)*

STEPHEN J. MURPHY, III, District Judge.

*\*1* Teddy Lawrence filed a lawsuit against the City of Warren and several members of the Warren Police Department[1] ("WPD") alleging violations of his constitutional rights under 42 U.S.C. § 1983 on July 19, 2011. The Court referred the matter to a magistrate judge for all pretrial proceedings. All defendants, with the exception of Carlos Collins, moved to dismiss the case pursuant to Civil Rule 12(b)(6). The magistrate judge issued a Report and Recommendation ("Report") finding that because the complaint failed to make any viable claims of unconstitutional conduct against Lawrence himself. The magistare judge also found that the complaint did not establish Lawrence's standing to assert constitutional claims on behalf of family members, did not reference three of the named defendants, and did not set forth a custom or policy that could be attributed to the municipal defendants, the claims were subject to dismissal for failure to state a claim upon which relief could be granted. Report, ECF No. 19.

Lawrence filed a document containing six purported objections to the Report, as he was permitted to do under Civil Rule 72(b)(2). Aff. of Objections, ECF No. 20. A review of the objections shows that they are entirely without merit, and do not address the conclusions of the Report. First, Lawrence objects to the Report's holding on Lawrence's standing by claiming that federal prosecutors regularly assert the rights of others. Second, he opposes the magistrate judge's failure to consider a police report filed by the City with its motion to dismiss, even though consideration of materials outside the pleadings on a Civil Rule 12(b)(6) motion is impermissible.[2] Third, Lawrence simply asserts that he has made a plausible claim without offering a reason why the magistrate judge erred in finding to the contrary. Fourth, Lawrence objects to the whole concept of a magistrate judge reviewing the case. Fifth, Lawrence asks that a jury consider his case because a "brother code" among government officials prevents him from obtaining justice. Finally, Lawrence objects to the general rule of waiver for failure to object to a report and recommendation.

The Court reviews any properly filed objections to the Report de novo. Fed. R. Civ. P. 72(b)(3). As is evident from the summary above, none of Lawrence's objections address the substantive basis of the magistrate judge's Report, and all rest on frivolous grounds. Under any standard of review, the objections must be overruled. Accordingly, the Court will adopt the Report and dismiss James Fouts, William Wilke, Martin Kroll, Glenn Brymer, the Warren Police Department, and the City of Warren from the case.

**WHEREFORE,** it is hereby **ORDERED** that Lawrence's objections (docket no. 20) are **OVERRULED,** the Report (docket no. 19) is **ADOPTED,** and the motion to dismiss (docket no. 10) is **GRANTED.**

**SO ORDERED.**

**All Citations**

Not Reported in F.Supp.2d, 2012 WL 2601388

Footnotes

1  Carlos Collins, Glenn Brymer, Martin Kroll, William Wilke, and James Fouts are the individual defendants named in the complaint, alongside the City of Warren and the Warren Police Department.

2     This objection is intertwined with a lengthy argument about *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), and related cases. These arguments sidestep the magistrate judge's findings on Lawrence's standing to assert any sort of constitutional claim on behalf of his family members. It also mentions a variety of tort claims that were never pled in the complaint and over which this Court lacks jurisdiction.

---

**End of Document**     © 2020 Thomson Reuters. No claim to original U.S. Government Works.