Case 2:19-cv-13588-NGE-DRG   ECF No. 25-10, PageID.274   Filed 12/03/20   Page 1 of 5

I Win. You Win. Irwin LLC v. Casey's Pub, Inc., Not Reported in Fed. Supp. (2018)
2018 WL 5307621

2018 WL 5307621
Only the Westlaw citation is currently available.
United States District Court, E.D.
Michigan, Southern Division.

I WIN. YOU WIN. IRWIN LLC, Randi Irwin, and Johnny Irwin, Plaintiffs,
v.
CASEY'S PUB, INC., a Michigan Corporation, Kimberly Powers, Andrea Huizar, Justin Theut, 3rd Precinct of the Detroit Police Department, and the City of Detroit, jointly and severally, Defendants.

Case No. 18-11151
|
Signed 10/26/2018

**Attorneys and Law Firms**

Stuart M. Collis, Collis & Griffor, PC, Ypsilanti, MI, Guy T. Conti, ContiLegal, Ann Arbor, MI, for Plaintiffs.

Geoffrey S. Wagner, Giarmarco, Mullins & Horton, P.C., Troy, MI, Cheryl L. Ronk, City of Detroit Law Department, Detoit, MI, for Defendants.

OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

GEORGE CARAM STEEH, UNITED STATES DISTRICT JUDGE

*1 Defendants Justin Theut, the 3rd Precinct of the City of Detroit Police Department, and the City of Detroit have moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), which has been fully briefed. The court heard oral argument on October 16, 2018. For the reasons stated below, Defendants' motion is GRANTED IN PART and DENIED IN PART.

BACKGROUND FACTS

This action arises out of a landlord-tenant dispute. Plaintiffs Johnny Irwin, Randi Irwin, and I Win. You Win. Irwin, LLC, entered a commercial lease with Defendants Andrea Huizar and Casey's Pub, Inc. in 2016. In the leased building, Plaintiffs operated Red Corridor, a bar and grill. As a result of various disputes between the parties, which are not relevant here, Plaintiffs decided to terminate the lease in November 2017. Plaintiffs allege that they paid the rental fees through the end of November 2017.

On November 27, 2017, Johnny Irwin was packing up the contents of the building when Huizar called to request another payment. Irwin refused, stating that he did not owe her any money because she "had not paid for any of the HVAC costs as required." Compl. at ¶ 31. Huizar told Irwin that the lease was for the duration of a year and that he still owed her money. Id. at ¶ 32. Plaintiffs allege that Huizar "then called the Detroit Police Department and told the operator that Mr. Irwin was a disgruntled employee and was stealing all of the contents of her building." Id. at ¶ 33.

According to Plaintiffs, Detroit police officer Justin Theut "arrived on the scene and instructed Mr. Irwin to leave the premises, not take any of his belongings, and to not return to the premises or he would have to arrest him." Id. at ¶ 34. Officer Theut "said he has met Johnny Irwin, has been [to] the establishment, and would prefer his cooperation." Id. Johnny Irwin called his wife, Randi Irwin, who put Plaintiffs' attorney, Stuart Collis, on the phone. Collis sought to speak to Officer Theut, who refused. Id. at ¶ 36-37. Collis had Johnny Irwin explain to Officer Theut that he had "a legal right to be on the premises, and that taking this action would be illegal and in violation of Michigan's Lock Out statute." Id. at ¶ 38. Officer Theut told Johnny Irwin "that if he did not leave he would be arrested as a trespasser." Id. at ¶ 39.

Collis called the 3rd Precinct of the Detroit Police Department and asked to speak to the sergeant, but he was not available. Id. at ¶ 41. Plaintiffs allege that the "precinct refused to intervene because they claimed that the officer was 'an experienced officer that wouldn't do anything illegal.' " Id. at ¶ 117. A supervisor informed Collis that they would send another officer to investigate, but Plaintiffs allege that "the 3rd precinct did not correct the situation and enforced the lockout either tacitly or intentionally." Id. at ¶ 42.

Plaintiffs contend that Officer Theut "compelled Johnny Irwin to leave the premises by threat of arrest." Id. at 43. At some point, Huizar texted Johnny Irwin to inform him that

Exhibit 9 - I Win. You Win. Irwin LLC v. Casey's Pub, Inc. 0001

Case 2:19-cv-13588-NGE-DRG ECF No. 25-10 PageID.275 Filed 12/03/20 Page 2 of 5

I Win. You Win. Irwin LLC v. Casey's Pub, Inc., Not Reported in Fed. Supp. (2018)
2018 WL 5307621

she had changed the locks to the building, which contained his personal property as well as the property of I Win. You Win. Irwin, LLC. *Id.* Huizar also allegedly threatened to have Johnny Irwin arrested if he returned to the building. *Id.* Plaintiffs contend that they have not retrieved their personal property. *Id.* at ¶ 44.

**\*2** Plaintiffs' complaint alleges twelve causes of action: Count I, claim and delivery; Count II, conversion; Count III, trespass to chattels; Count IV, violation of M.C.L.A. 600.2918 (anti-lockout statute); Count V, unjust enrichment; Count VI, fraud; Count VII, silent fraud; Count VIII, negligent misrepresentation; Count IX, breach of contract; Count X, constructive trust; Count XI, tortious interference with business relationship; and Count XII, Fourth and Fourteenth Amendment violations (42 U.S.C. § 1983). Although the complaint often does not differentiate among the defendants, the parties appear to agree that the only count applicable to Officer Theut, the 3rd Precinct, and the City of Detroit is Count XII.

LAW AND ANALYSIS

I. Standard of Review

Defendants Officer Theut, the 3rd Precinct, and the City of Detroit seek judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). The court reviews a motion brought pursuant to Rule 12(c) under the same standard as a motion brought pursuant to Rule 12(b)(6). *Lindsay v. Yates*, 498 F.3d 434, 438 (6th Cir. 2007). In doing so, the court construes the complaint "in the light most favorable to the plaintiffs, accept[s] all of the complaint's factual allegations as true, and decide[s] whether the plaintiffs can prove any set of facts in support of their claims that would entitle them to relief." *Id.* Although this standard does not require "detailed factual allegations," it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Id.* at 570. *See also Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949.

The court notes that Defendants attached Plaintiffs' discovery responses to their reply brief. Plaintiffs have filed a motion to exclude these materials. (Doc. 29) The court does not consider materials outside the pleadings in the context of a Rule 12(c) motion. *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 487 (6th Cir. 2009). Although the court may convert Defendants' Rule 12(c) motion into a Rule 56 motion, this option "should be exercised with great caution and attention to the parties' procedural rights." *Id.* (citation omitted). *See also* Fed. R. Civ. P. 12(d). Plaintiffs have not had the opportunity to submit evidence in support of their response. Moreover, with discovery in its early stages, a Rule 56 motion is premature. Accordingly, the court declines to convert Defendants' 12(c) motion to a Rule 56 motion. The court will grant Plaintiffs' motion to exclude documentary evidence.

II. Officer Theut – Qualified Immunity

Plaintiffs allege that Officer Theut violated their Fourth and Fourteenth Amendment rights, including their rights to procedural and substantive due process. Compl. at ¶ 109. In order to state a claim under 42 U.S.C. § 1983, "a plaintiff must prove that the defendant, while acting under color of state law, deprived her of a right secured by the Constitution or laws of the United States." *Thomas v. Cohen*, 304 F.3d 563, 568 (6th Cir. 2002). Plaintiffs allege that Officer Theut, "acting under color of law, ejected plaintiffs from premises in which they had a valid and enforceable right to possession." Compl. at ¶ 110. Plaintiffs further allege that the officer "prevented plaintiff[s] from recovering their personal property from the premises, resulting in government-induced deprivation of personal property." *Id.* at ¶ 111. According to Plaintiffs, Officer Theut "should have known that Michigan law requires a court order for evictions to be executed." *Id.* at ¶ 113.

**\*3** Defendants argue that Officer Theut is entitled to qualified immunity, which "generally shields state actors from liability under § 1983 based on their discretionary acts." *Thomas*, 304 F.3d at 568. "Qualified immunity provides police officers 'breathing room to make reasonable but mistaken judgments and protects all but the plainly incompetent or those who knowingly violate the law.' " *Mullins v. Cyranek*, 805 F.3d 760, 765 (6th Cir. 2015). In determining whether an officer is entitled to qualified immunity, the court considers "(1) whether the facts, when taken in the light most favorable to the party asserting the injury, show the officer's conduct violated a constitutional right; and (2) whether the right violated was clearly established such 'that a reasonable official would understand

Case 2:19-cv-13588-NGE-DRG ECF No. 25-10, PageID.276 Filed 12/03/20 Page 3 of 5

I Win. You Win. Irwin LLC v. Casey's Pub, Inc., Not Reported in Fed. Supp. (2018)
2018 WL 5307621

that what he is doing violates that right.' " *Id.* (quoting *Saucier v. Katz,* 533 U.S. 194, 201-202 (2001) ).

Defendants have failed to engage in this analysis. Rather, they argue that Officer Theut's actions were not "plainly incompetent" and that he did not knowingly attempt to violate the law. Doc. 23 at 17-18. This is not the test. The court must instead consider whether Plaintiffs have sufficiently alleged that Officer Theut violated their rights under the Fourth or Fourteenth Amendment and, if so, whether those rights were clearly established.

The court turns first to Plaintiffs' Fourteenth Amendment procedural due process claim. The Due Process Clause of the Fourteenth Amendment provides that "[n]o State shall deprive ... any person of life, liberty, or property, without due process of law." U.S. Const. amend XIV. The court analyzes due process claims as follows: "First, the court must determine whether the interest at stake is a protected liberty or property right under the Fourteenth Amendment. Only after identifying such a right do we continue to consider whether the deprivation of that interest contravened notions of due process." *Thomas,* 304 F.3d at 576. Courts look to state law to determine whether a plaintiff has a protected property interest. *Id.*

Defendants do not contest that Plaintiffs have alleged a protected property interest in the leased building under Michigan law. *See generally* M.C.L. § 600.2918 (Michigan anti-lockout statute); *Ann Arbor Tenants Union v. Ann Arbor YMCA,* 229 Mich. App. 431, 443 (1998) ("A tenant has exclusive legal possession and control of the premises against the owner for the term of his leasehold."); *Merkur Steel Supply Inc. v. City of Detroit,* 261 Mich. App. 116, 134 (2004) ("Recovery can be had for the taking of a leasehold estate [under Michigan law]."). *See also Thomas,* 304 F.3d at 576 ("Under Kentucky law, tenants holding leasehold estates have a recognized property interest."). Nor do Defendants contest that "[d]ue process generally requires notice and a hearing prior to eviction." *Thomas,* 304 F.3d at 576.

Defendants instead attempt to recharacterize the facts as set forth in Plaintiffs complaint, claiming "[a]ll that Defendant Theut did was respond to a dispatch of an alleged robbery and politely and professionally ask the Plaintiffs to work out the situation with the owner of the property, which the Plaintiffs agreed to do." Doc. 26 at 6. According to Plaintiffs, however, Officer Theut "instructed Mr. Irwin to leave the premises, not take any of his belongings, and to not return to the premises or he would have to arrest him." Compl. at ¶ 34. Johnny Irwin attempted to explain that he had a legal right to be on the premises, to no avail. *Id.* at ¶¶ 37-39. At this stage of the proceedings, the court must view the facts in the light most favorable to the non-moving party.

Viewing the facts in the light most favorable to Plaintiffs, they allege in the complaint that they were deprived of a protected property interest without notice or a hearing when Officer Theut required them to leave their leased building under threat of arrest. These facts allege a violation of Plaintiffs' right to procedural due process. *See Thomas,* 304 F.3d at 578 (eviction of residents from shelter without notice or hearing violated right to procedural due process).

**\*4** The court next considers whether the contours of this right are "sufficiently clear that reasonable official would understand that what he is doing violates that right." *Id.* at 580. The Sixth Circuit has long held that it is clear that tenants are "entitled to pre-eviction judicial oversight in the absence of emergency circumstances." *Id.* According to the complaint, Plaintiffs attempted to establish that they had a legal right to occupy the premises. Under similar circumstances, when police officers evicted residents from a women's shelter, the Sixth Circuit noted that "officers never undertook to determine whether Plaintiffs were in fact tenants" and instead "blindly carried out" the owner's wishes by removing them from the building. *Id.* at 575, 581. Confronted with the plaintiffs' claims that they paid rent and were protected by landlord-tenant law, the officers nonetheless ordered the plaintiffs to leave. Under those circumstances, the Sixth Circuit found that the officers were not entitled to qualified immunity: "[w]e find that this case presents more than mere mistaken judgment, but rather an unwarranted failure to make determinations necessary prior to taking hasty action." *Id.* at 581. In light of *Thomas* and Plaintiffs' similar allegations, the court finds that Officer Theut is not entitled to qualified immunity with respect to Plaintiffs' procedural due process claim at this stage of the proceedings.

Having determined that Plaintiffs have sufficiently alleged facts that plausibly state a Fourteenth Amendment violation and survive a motion to dismiss, the court will not determine whether Plaintiffs have also stated a claim under the Fourth Amendment. *See* Compl. at ¶ 111 (alleging Officer Theut "prevented plaintiff[s] from recovering their personal property from the premises, resulting in a government-induced deprivation of personal property.") Neither party has engaged in a proper analysis of this issue, which requires

Case 2:19-cv-13588-NGE-DRG ECF No. 25-10, PageID.277 Filed 12/03/20 Page 4 of 5

I Win. You Win. Irwin LLC v. Casey's Pub, Inc., Not Reported in Fed. Supp. (2018)
2018 WL 5307621

an assessment of whether Defendant unreasonably seized Plaintiffs' property in violation of their clearly established Fourth Amendment rights. *See Thomas*, 304 F.3d at 569-75, 582-83. At this stage, the parties have not developed the record sufficiently for the court to make this determination. *See generally Wesley v. Campbell*, 779 F.3d 421, 433-34 (6th Cir. 2015) ("[I]t is generally inappropriate for a district court to grant a 12(b)(6) motion to dismiss on the basis of qualified immunity. Although an officer's 'entitle[ment] to qualified immunity is a threshold question to be resolved at the earliest possible point,' that point is usually summary judgment and not dismissal under Rule 12."). For these reasons, the court will deny Defendants' motion for judgment on the pleadings as to Officer Theut.

### III. 3rd Precinct of the Detroit Police Department

Defendants seek dismissal of the 3rd Precinct of the Detroit Police Department because the department is an instrument of the City and not a separate entity that is capable of being sued under 42 U.S.C. § 1983. *See Boykin v. Van Buren Twp.*, 479 F.3d 444, 450 (6th Cir. 2007) ("[U]nder Michigan law, Van Buren Township Police Department is subsumed within Van Buren Township as a municipal entity to be sued under § 1983, and thus the Police Department was improperly included as a separate defendant in Boykin's suit."). Plaintiffs agree that the 3rd Precinct should be dismissed, but seek dismissal without prejudice. Finding no authority for this request, the court will dismiss the 3rd Precinct, which is not an entity amenable to suit, with prejudice.

### IV. City of Detroit – Municipal Liability

Defendants contend that Plaintiffs have not sufficiently pleaded a municipal liability claim under § 1983 against the City of Detroit. "[A] municipality may be held liable under § 1983 only where its policy or custom causes the constitutional violation in question." *Miller v. Calhoun Cty.*, 408 F.3d 803, 813 (6th Cir. 2005). In support of their municipal liability claim, Plaintiffs allege that they contacted the 3rd Precinct in an attempt to prevent Officer Theut from evicting them, but "the 3rd precinct did not correct the situation." Compl. at ¶ 40-42. The complaint further alleges that the "City of Detroit is specifically responsible for the oversight of the 3rd Precinct and Officer Jacob [sic] Theut." *Id.* at ¶ 42. Plaintiffs essentially allege liability based upon *respondeat superior*, a theory that does not support municipal liability under § 1983. *Miller*, 408 F.3d at 813 ("The statute ... does not permit a municipal entity to incur liability under a theory of *respondeat superior*."). Plaintiffs have not alleged a policy or custom that was the moving force behind the alleged constitutional violation. Although Plaintiffs allege that the City of Detroit "authorized, tolerated, ratified, permitted, or acquiesced in the creation of policies, practices, and customs, establishing a de facto policy of deliberate indifference to individuals such as plaintiffs," such conclusory allegations are insufficient to state a claim. *See* Compl. at ¶ 119. Therefore, the court will grant Defendants' motion for judgment on the pleadings in favor of the City of Detroit.

### V. Supplemental Jurisdiction over State Claims

**\*5** The sole remaining federal claims are the constitutional claims against Officer Theut in Count XII. The bulk of the complaint – Counts I through XI – concerns the landlord-tenant contract and property dispute between Plaintiffs and Defendants Casey's Pub, Inc., Kimberly Powers, and Andrea Huizar. The court has original jurisdiction over the federal claims in Count XII pursuant to 28 U.S.C. § 1331, and may exercise supplemental jurisdiction over the eleven state causes of action pursuant to 28 U.S.C. § 1367(a). Defendants Powers, Huizar, and Casey's Pub have filed a counterclaim against Plaintiffs for breach of contract and "waste" under M.C.L. § 600.2919(2), over which the court may also exercise supplemental jurisdiction pursuant to § 1367(a). *See* 28 U.S.C. § 1367(a).

A district court may decline to exercise supplemental jurisdiction pursuant to § 1367(c)(2) if "the [state] claim substantially predominates over the claim or claims over which the district court has original jurisdiction." 28 U.S.C. § 1367(c)(2). When "the state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may be dismissed without prejudice and left for resolution to state tribunals." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726–27 (1966). State claims "substantially predominate" when "a state claim constitutes the real body of a case, to which the federal claim is only an appendage." *Id.* In other words, a state claim substantially predominates "where permitting litigation of all claims in the district court can accurately be described as allowing a federal tail to wag what is in substance a state dog." *De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 309 (3d Cir. 2003).

In this case, Plaintiffs' state claims – including breach of contract, fraud, conversion, and tortious interference with a business relationship – rely upon wholly different factual

Case 2:19-cv-13588-NGE-DRG ECF No. 25-10, PageID.278 Filed 12/03/20 Page 5 of 5

I Win. You Win. Irwin LLC v. Casey's Pub, Inc., Not Reported in Fed. Supp. (2018)
2018 WL 5307621

allegations and legal standards than Plaintiffs' federal claim against Officer Theut. Likewise, Defendants' counterclaim for breach of contract and waste arises out of the same facts as Plaintiffs' state claims. These state claims require elements of proof distinct from Plaintiffs' federal claim and substantially expand this suit beyond what is necessary to resolve the federal claim. Under these circumstances, the court will decline to exercise supplemental jurisdiction over Plaintiffs' state law claims in Counts I through XI, as well as Defendants' counterclaim. *See, e.g., Michigan Paralyzed Veterans of Am. v. Charter Twp. of Oakland, Mich.*, 2015 WL 4078142 at *5 (E.D. Mich. July 2, 2015) ("[D]ismissal is appropriate where the state law claims will either require elements of proof distinct from the federal claim, or cause a substantial expansion of the suit beyond that necessary and relevant to the federal claim.").

CONCLUSION

Therefore, IT IS HEREBY ORDERED that Defendants' motion for judgment on the pleadings (Doc. 23) is GRANTED IN PART as to the City of Detroit and the 3rd Precinct and DENIED IN PART as to Justin Theut, consistent with this opinion and order.

IT IS FURTHER ORDERED that Plaintiffs' motion to exclude documentary evidence (Doc. 29) is GRANTED.

IT IS FURTHER ORDERED that Counts I through XI of Plaintiffs' complaint and Defendants' counterclaim are REMANDED to Wayne County Circuit Court.

**All Citations**

Not Reported in Fed. Supp., 2018 WL 5307621

---

**End of Document** © 2020 Thomson Reuters. No claim to original U.S. Government Works.

WESTLAW © 2020 Thomson Reuters. No claim to original U.S. Government Works.