UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GRAYSON-BEY,

       Plaintiff,                                              No. 19-13588

v.                                                       Honorable Nancy G. Edmunds

SOUTHFIELD POLICE
DEPARTMENT, *et al.*,

       Defendants.
_____/

**OPINION AND ORDER ACCEPTING AND ADOPTING THE MAGISTRATE JUDGE'S NOVEMBER 10, 2020 REPORT AND RECOMMENDATION [23]**

Plaintiff Grayson-Bey's pro se complaint against Defendants Southfield Police Department, Officer Michael Wojciechowski, Officer David Moore, and Officer Swade Fox brings claims under the Fourth Amendment of the United States Constitution and the Treaty of Peace and Friendship of 1787 due to an allegedly unlawful traffic stop and arrest.  (ECF No. 1.)  The matter is now before the Court on the magistrate judge's November 10, 2020 report and recommendation.  (ECF No. 23.)  The magistrate judge recommends granting Defendants' motion for judgment on the pleadings and dismissing Plaintiff's pro se complaint in its entirety.  Plaintiff objects to the report and recommendation.  (ECF No. 24.)  Defendants have responded to Plaintiff's objection.  (ECF No. 25.)  For the reasons set forth below, the Court OVERRULES Plaintiff's objection, ACCEPTS and ADOPTS the magistrate judge's report and recommendation (ECF No. 23), and GRANTS Defendants' motion for judgment on the pleadings (ECF No. 18).

1

**I.     Standard of Review**

Under Federal Rule of Civil Procedure 72(b)(3), "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *See also* 28 U.S.C. § 636(b)(1).

**II.    Analysis**

As a preliminary matter, the Court notes that Plaintiff has not properly objected to any portion of the magistrate judge's report and recommendation. Instead, Plaintiff makes a general objection "to continue the case" and simply rehashes his previous arguments. "This Court is not obligated to address objections made in this form because the objections fail to identify the *specific* errors in the magistrate judge's proposed recommendations, and such objections undermine the purpose of the Federal Magistrate's Act, which serves to reduce duplicative work and conserve judicial resources." *Owens v. Comm'r of Soc. Sec.*, No. 1:12-CV-47, 2013 U.S. Dist. LEXIS 44411, at *8 (W.D. Mich. Mar. 28, 2013) (citations omitted). Nonetheless, the Court has conducted a *de novo* review of the record. The Court agrees with the magistrate judge. Plaintiff's claim based on an alleged violation of his rights as a Moorish American under the Treaty of Peace and Friendship of 1787 is "'facially frivolous.'" *See* ECF No. 23, PgID 170 (quoting *Grayson-Bey v. Hutchinson*, No. 2:20-CV-10487, 2020 U.S. Dist. LEXIS 37062, at *4 (E.D. Mich. Mar. 4, 2020)). And Plaintiff fails to state a claim upon which relief can be granted under the Fourth Amendment with regards to both his traffic stop and arrest. (*See id.* at PgID 170-71.) Nor does Plaintiff allege any policy or

2

custom of the Southfield Police Department that caused any alleged constitutional violation. (*See id.* at PgID 172.)

Along with his objection, Plaintiff filed several documents, including a police report of the underlying stop, for the first time in this case. When considering a motion for judgment on the pleadings, however, the Court generally may not consider documents beyond the pleadings and any attached exhibits. *See Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001). Moreover, absent compelling reasons, a party is not allowed to raise new arguments or issues at the district court stage that were not presented to the magistrate judge. *See Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000). Thus, the Court need not consider Plaintiff's improperly submitted exhibits.

But even if the Court were to consider these documents, they only confirm that Plaintiff has failed to set forth a plausible claim for relief under the Fourth Amendment. Contrary to a claim that the traffic stop lacked reasonable suspicion, the police report indicates that Officers Moore and Fox initiated the stop after a license plate check in a law enforcement database revealed that Plaintiff's vehicle was suspected of being involved in a felony. (*See* ECF No. 24, PgID 184.) And the report is consistent with Plaintiff's allegations that he failed to produce a valid driver's license or identification when requested to do so by the arresting officers, (*see id.*), so he cannot show he was arrested without probable cause, (*see* ECF No. 23, PgID 171). In sum, Plaintiff's objection is overruled, and the Court will dismiss Plaintiff's complaint in its entirety as recommended by the magistrate judge.

### III.     Conclusion

For the foregoing reasons, the Court OVERRULES Plaintiff's objection and ACCEPTS AND ADOPTS the magistrate judge's report and recommendation.  The Court therefore GRANTS Defendants' motion for judgment on the pleadings.

SO ORDERED.

                                      s/Nancy G. Edmunds
                                      Nancy G. Edmunds
                                      United States District Judge

Dated: December 7, 2020

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 7, 2020, by electronic and/or ordinary mail.

                                      s/Lisa Bartlett
                                      Case Manager